APPLETON, (DWIGHT v.) See Case No. 4,-215.

APPLETON, (GRATTAN v.) See Case No. 5,707.

APPLETON, (HEINE v.) See Case No. 6,-324.

---

## Case No. 498.

### APPLETON v. SMITH.

[1 Dill. 202.][1]

Circuit Court, D. Arkansas. 1870.

PRACTICE OF SUPREME JUSTICE ON THE CIRCUIT.

1. The justice of the supreme court sitting alone in the circuit court, will not review and set aside an order or judgment made by the district judge, when the latter was alone holding a term of the circuit court; and Mr. Justice Miller added that he had "prescribed it as a rule of conduct for himself, that the presence of the district judge, and his consent to a review of his decision, would not vary the course to be pursued.

[Cited in Reynolds v. Iron Silver Min. Co., 33 Fed. 355; U. S. v. Biebusch, 1 Fed. 214.]

2. Accordingly, Mr. Justice Miller, holding the circuit court alone, overruled a motion to quash an attachment levied on goods, solely because a motion involving the same legal proposition was overruled at the preceding term, by the district judge, who then held the court.

[Cited in Reynolds v. Iron Silver Min. Co., 33 Fed. 355.]

This was an action at law commenced by attachment. A motion was made before Mr. Justice MILLER, holding the term, to vacate and dissolve an attachment levied on the goods of the defendant.

Watkins & Rose, for the motion.
Garland & Nash, opposed.

MILLER, Circuit Justice. This motion is made upon the ground that the writ was wrongfully issued. Upon looking into the record of the case, I find that the same motion, based upon the same legal proposition,

was made at the last term of the court, and was overruled by the district judge, who at that time held the court.

I have repeatedly decided in this circuit, since I was first assigned to it, that I would not sit in review of the judgments and orders of the court, made by the district judges in my absence.

Where, as in the present case, the motion is made on the same grounds, and with no new state of pleadings or facts, it is nothing more than an appeal from one judge of the same court to another, and though it is my province in the supreme court, to hear and determine such appeals, I have in this court no such prerogative. The district judge would have the same right to review my judgments and orders here as I would have in regard to his. It would be in the highest degree indelicate for one judge of the same court thus to review and set aside the action of his associate in his absence, and might lead to unseemly struggles to obtain a hearing before one judge in preference to the other.

I have also held, and have prescribed it for myself as a rule of conduct, that the presence of the district judge, and his consent to a review of his decision, will not vary the course to be pursued.

If it were understood that in such case the order of the court would be reconsidered, the desire of the district judge to have the responsibility shared by another, and his natural reluctance to refuse his assent to a rehearing, would always enable pertinacious counsel to get his consent.

For these reasons I decline to consider this motion. Counsel for the motion thereupon withdrew it.

Motion withdrawn.