## UNITED STATES *v.* BIEBUSCH.

### (*Circuit Court, E. D Missouri.  ————.*)

PRACTICE—RULINGS OF DISTRICT JUDGE WHEN HOLDING THE CIRCUIT COURT—WHEN REVIEWABLE BY CIRCUIT JUDGE.—It is well settled in the eighth circuit that the rulings of the district judge, while holding the circuit court, are not subject to review in the same court, by the circuit judge or justice, and the circuit judge will only sit to hear motions for new trials in cases tried in his absence, when the district judge so desires and requests it.

INDICTMENT—WITHDRAWAL OF COUNT—EVIDENCE.—The withdrawal of a count in an indictment does not render the evidence offered incompetent, so far as it is legally applicable to the counts of the indictment not withdrawn.

SAME—FRAUDULENT SALE—FRAUDULENT POSSESSION—EVIDENCE.—Evidence of a fraudulent sale is competent to support a charge of fraudulent possession under a count in an indictment.

WITNESS—INFAMY—PROOF OF CONVICTION.—Conviction of an infamous crime must be shown by the record, and does not affect the competency of the testimony of a witness.

JUDGMENT—ATTESTATION OF RECORD—REV. ST. § 905—CERTIFICATE.—The record of a judgment in the state of Illinois is not admissible in evidence in the circuit court of Missouri unless attested in accordance with section 109 of the Rev. St. and duly certified.

WITNESS—INFAMY—CONFIRMATION OF TESTIMONY.—Evidence is admissible in confirmation of the testimony of a person who has been convicted of an infamous crime, in such and so many parts of his narrative as may satisfy the jury that he has told the truth, but should not, perhaps, be extended to such acts in the narrative as are generally well known.

Motion for a new trial before the circuit judge, in an indictment tried by the district judge while holding the circuit court in the absence of the circuit judge.

Indictment. Motion for new trial.

McCRARY, J. In this case and one other I have at this time heard, with the district judge, motions for new trials in cases tried before him when holding alone the circuit court. I have done so at his request, and only for the purpose of

advising with and assisting him. It is well settled in this circuit that the rulings of the district judge while holding the circuit court are not subject to be reviewed in the same court, either by the circuit judge or the circuit justice. I make this announcement so that it may be understood that I am not to be expected, as a rule, to entertain motions for new trials in cases tried in my absence by the district judge, and that I will only sit with the district judge in hearing such matters when he desires and requests it. It is not enough that he does not object or consents. *Appleton* v. *Smith*, 1 Dillon, 202. In this case, however, I have, at the request of the district judge, considered carefully the questions raised by counsel for defendant in support of their motion for a new trial, and am prepared to announce my concurrence in his rulings.

The questions involved are, I think, sufficiently important to justify me in stating the legal propositions upon which we agreed, and which are conclusive of the motion. They are as follows:

1. Evidence offered in support of an indictment, containing several counts, goes to the jury in support of each and all the counts to which it is relevant, and so far as competent; and where one of several counts is withdrawn after evidence has been offered, it is proper for the court to direct the jury to consider such evidence, under counts not withdrawn, in so far as it is legally applicable to them.

2. In an indictment, charging in one count possession of counterfeit coin, with intent to defraud, etc., and in another count charging a fraudulent sale of such coin, evidence of fraudulent possession and sale may be retained as supporting the first named count after the second has been withdrawn from the jury, though the person to whom such sale is made is not named in the indictment. A fraudulent sale to any person, whether named in the indictment or not, is competent evidence to support the charge of fraudulent possession.

3. At common law a person convicted of an infamous crime was rendered incompetent as a witness, but in England and in most of the states of the Union the disqualification of infamy has been removed, and a conviction may be shown

only to affect credibility. Whart. on Ev. § 397. The tendency of courts and legislatures is now strongly in the direction of the doctrine that all persons of sufficient intelligence should be accepted as competent to testify, leaving to the jury, and not to the court, the question of credibility. In the courts of the United States, as well as in those of many of the states, a defendant in a criminal case may now testify in his own behalf. If, however, a conviction of an infamous crime is to be held to exclude a witness, it is clear that such conviction must be shown by the record. "The record," says Mr. Greenleaf, "is required as sole evidence of his guilt, no other proof being admitted of the crime, not only because of the great injustice of trying the guilt of a third person in a case in which he is not a party, but, also, lest in the multiplication of the issues to be tried the principal case should be lost sight of and the administration of justice should be frustrated." 1 Greenl. Ev. § 372. "It is the judgment, and that only, which is received as the legal and conclusive evidence of the party's guilt, for the purpose of rendering him incompetent to testify. * * * If the guilt of the party should be shown by oral evidence, and even by his own admission (though in neither of these modes can it be proved if the evidence be objected to) or by his plea of 'guilty,' which has not been followed by a judgment, the proof does not go to the competency of the witness, however it may affect his credibility." Id. § 375.

4. The record of a judgment in the state of Illinois by a court of that state, to be admitted in evidence here, must be attested in the manner provided by section 905 of the Revised Statutes, and the certificate must show that the person signing it as judge was, at the time of so signing, the judge, chief justice, or presiding magistrate of the court in which the judgment is of record.

5. Upon the question raised upon this motion as to what evidence may be received in corroboration of the testimony of a witness who is shown to be infamous, the authorities are not perfectly agreed. I am, however, prepared to accept, as applicable here, the rule laid down by Chief Baron Joy in

his work on the evidence of accomplices, pp. 98, 99, and which is as follows: "The confirmation ought to be in such and so many parts of the accomplice's narrative as may reasonably satisfy the jury that he is telling truth without restricting the confirmation to any particular points, and leaving the effect of such confirmation (which may vary in its effect according to the nature and circumstances of the particular case) to the consideration of the jury, aided in that consideration by the observations of the judge. See 1 Greenleaf Ev. § 381, note 1. This is, I think, a safe and sound rule, with, perhaps, a single modification. The corroborating evidence should not be extended to such acts in the witness' narrative as are generally known, but should be confined to those matters which, whether in themselves material to conviction or not, are seen to be well calculated to strengthen and confirm the truth of his story.