### REED *v.* ATLANTIC & P. R. Co.

*(Circuit Court, S. D. New York.* August 26, 1884.)

DECISION OF COURT OF CO-ORDINATE JURISDICTION—ATLANTIC & PACIFIC RAILWAY COMPANY—RIGHT TO DIVIDENDS.

   As it has been decided by a court of co-ordinate jurisdiction, in an action brought by the Pacific Railroad (of Missouri) to recover, among other things, the dividends agreed to be paid to its stockholders by the defendant in the lease between the two corporations, that the right of action for the dividends is in the corporation and not in the individual stockholders, this court, in a suit upon the same lease, brought by one of the stockholders to recover part of the same dividends, follows that decision, and judgment for defendant is ordered.

At Law.

*E. L. Andrews,* for plaintiff.

*Geo. Zabriskie* and *John E. Burrill,* for defendant.

WALLACE, J. It has been decided by a court of co-ordinate jurisdiction, in an action brought by the Pacific Railroad (of Missouri) to recover, among other things, the dividends agreed to be paid to its stockholders by the defendant in the lease between the two corporations, that the right of action for the dividends is in the corporation and not in the individual stockholders. It would be unseemly for this

court, in a suit upon the same lease brought by one of the stockholders to recover part of the same dividends, to hold the contrary. Such a decision might result in two judgments against the defendant for the same dividends. Under such circumstances, as was well said in· *Goodyear Dental Vulcanite Co.* v. *Willis,* 1 Ban. & A. 573: "Every suggestion of propriety and fit public action demands" that the decision made "be followed until modified by the appellate court."

Judgment is ordered for defendant.