REYNOLDS *et al. v.* IRON SILVER MIN. Co. [1]

*(Circuit Court, D. Colorado.* January 12, 1888.)

INJUNCTION—DISSOLUTION—CAUSE PENDING IN SUPREME COURT.
   In an action where a temporary injunction has been granted by a trial judge, and the law side of the case has once been adjudicated upon by the supreme court, and has been a second time taken to said court, and is still pending, with reasonable certainty that an adjudication will soon be had, the circuit court will not dissolve the injunction, or sustain a motion to file a supplemental answer.

In Equity. On motion for leave to file supplemental answer, and to dissolve injunction.

Action was brought by the Iron Silver Mining Company, plaintiff, against Joseph Reynolds and J. D. Morrisey, defendants, in the district court of the United States, district of Colorado, claiming title and right of 'possession to certain mining property. Pending an appeal of the case to the supreme court, a temporary injunction was granted to restrain the working of the mine, pending the legal action. The action is now brought in the circuit court, by complainant, on an independent application for leave to file a supplemental answer and dissolve the injunction.

*L. S. Dixon* and *F. W. Owers,* for complainant.

*R. S. Morrison* and *C. S. Thomas,* for defendant.

BREWER, J. This is a case in which an injunction was issued in aid of one of these mining actions, and to restrain the working of the mine pending the legal action. The litigation between the parties has been protracted and extensive, and the law action has been once to the supreme court of the United States, (6 Sup. Ct. Rep. 601,) judgment reversed, the second time taken to the supreme court, has been submitted, and is now awaiting decision by that court, and doubtless, in the ordinary course of business, will be decided in from 30 to 60 days. The question is whether this court should now interfere, at this stage of the case, to dissolve the temporary injunction which has been granted. It is undoubted that the trial court has power to continue injunctions after decision in the trial court, adverse to the rights of the complainant in the equity suit, pending appeal and ultimate determination in the appellate court.

Rule 93 of the supreme court expressly provides that, where an injunction is granted below, the trial court may determine whether the appeal shall work a *supersedeas* or not, and if it shall work a *supersedeas,* upon what terms the injunction shall stand dissolved, or shall be stayed; and I was advised by one of the justices of the supreme court that the intent of the supreme court in that rule was to relieve itself from the duty of inquiring, when cases involving injunctive relief were decided in the trial court, as to whether that relief should be continued pending appellate proceedings. And, independent of that rule, it was a familiar exercise of the powers of a court of chancery in the first instance,—the trial court to

   [1] Reversed. See 8 Sup. Ct. Rep. 598.

determine whether, and upon what terms, injunctive process should continue in force pending appellate proceedings. So of the power of the court to continue this injunction pending the review in the supreme court there can be no doubt; and, being a matter within the power of the trial court, it is a matter which generally should be left to the discretion of the individual judge who heard, and is familiar with, the proceedings in the trial court.

This very case illustrates the potency of such a requirement. Here is a litigation which has been protracted three or four years; twice has the case gone to the supreme court of the United States. A vast amount of testimony, of course, has been taken in the process of this litigation. How can one who is not familiar with it, who has taken no part in the litigation, come right into the middle of it and say whether it was prudent and wise to continue the staying efficacy of an injunction pending the continuance of those proceedings in the supreme court? It is not possible for a record to photograph all the thousand and one things developed in the course of a trial which appeal to the discretion of the chancellor as to whether an injunction should or should not be continued. It is true, upon the record as it stands, testing it narrowly by the record, it would seem as though this injunction ought to be dissolved. There has been a judgment of the supreme court, upon one state of facts, in favor of the defendants. There has been, in the second trial in this court, a judgment in their favor, from which judgment the appeal is now being prosecuted. So that, upon the narrow appearance of the record, looking at it in that light alone, it would seem no more than fair that, having this accumulation of decisions in their favor, the defendants should be entitled to a dissolution of this injunction. But all of that only leads up to the inquiry whether, upon all the facts in the case, there is ground for continuing this injunction.

Now, it does appear, from the meager statement of facts presented to me, that there is yet a serious question in the case, one which may be determined finally in favor of the complainant here, so that ultimately it may obtain the title and the right to the possession of this property. I do not say that I have any definite opinion as to what will be the ultimate decision. The question is too difficult and too complicated for me, upon this meager showing and in the brief examination I have been able to give to it, to determine. It is enough that there is such a question, and that, in good faith, the parties are litigating it in the supreme court, and that the trial judge, who has heard all the testimony, and is familiar with the whole history of the litigation, thinks it is a case where the hands of the parties should be stayed pending that appeal. So, upon that ground, both applications will be denied for the present, with leave to renew them upon the decision of the supreme court in the case there pending.

I want to say one thing further, along the same line of thought. It was decided long ago by Mr. Justice MILLER, in the case of *Appleton* v. *Smith,* 1 Dill. 202, that the circuit justice would not sit to hear any application which was directed to a reversal of an order made by either the

district or the circuit judge; that he did not, while holding this court, sit as an appellate tribunal from the decision of the district judge, or the circuit judge. I quote his language:

"I have repeatedly decided in this circuit, since I was first appointed to it, that I would not sit in review of judgments and orders of court made by the district judges in my absence, where, as in the present case, the motion is made on the same ground, and with no new state of pleadings or facts. It is nothing more than an appeal from one judge of the same court to another; and though it is my province, in the supreme court, to hear and determine such appeals, I have in this court no such prerogative. The district judge would have the same right to review my judgments and orders here as we would in regard to his. It would be in the highest degree indelicate for one judge of the same court thus to review and set aside the action of his associate in his absence, and might lead to unseemly struggles to obtain hearing before one judge in preference to the other. I have also held that the presence of the district judge and his consent to the review of his decision will not vary the course to be pursued."

The same ruling was made by my predecessor, Judge McCRARY, in the case of U. S. v. Biebusch, 1 McCrary, 43. That is not this case, exactly, because here there is an independent application, based upon a motion to file a supplemental answer; but the thought which underlies that is one which it is well to bear in mind, and that is, that ordinarily the safe administration of justice is best secured by a continuance of litigation in a particular controversy before the one judge, rather than to divide it up, and having it coming before two judges. While, of course, every judge is liable to make a mistake,—the district judge may make a mistake in a particular litigation which the circuit judge might not make, but it is equally true the circuit judge might make a mistake that the district judge would not make,—those things cannot be avoided. If the judge who first takes charge of a protracted litigation continues in charge, it is certain that the course of decision will be more consistent, and probably more correct in the general average of cases, than if some other judge comes into it, and disposes of a single matter in the course of that litigation.

You all know, at least those who have been familiar with the jurisprudence of the state of New York, how many unseemly struggles there have been, as Justice MILLER refers to, to get a case now before one judge, and then before another. Under their peculiar system, you get an order before one judge; the beaten party goes to another judge, gets an order staying proceedings, and sets down a motion before a third to vacate the order, and one never knows when the litigation is at an end, or where it is to continue; whereas, if it is all continued before the same judge from the commencement to the close, there is a consistency in the rulings, if nothing else; and I think that the orderly administration of justice requires, and justice itself will in the long run, and the general average be best secured, if litigation commenced before one judge continues before him until it shall be taken to an appellate tribunal. I am perfectly aware of the fact that I am often called upon to consider matters and orders made by the district judges. They frequently refer matters to me,

set down motions for a new trial and things of that kind for hearing before me, and I never decline to take part in any such questions or cases as may be presented; for it is one of the defects, as I look upon it, of the judicial system of the federal courts that there is not in every case an opportunity for review before an appellate tribunal. I think that a serious defect, and believe that it would be wiser and better if, in every case, there was a right of the defeated party to a review by some appellate tribunal; and I do not wonder that the judges in the trial of the cases before them are very glad to have the assistance of an independent mind, so that there can be a consultation and a determination by two persons, and a division of responsibility; for no one who has not had experience in the matter can appreciate fully the burden which rests upon a judge when he feels that with him is the solitary and the final responsibility. I doubt not I appreciate that much more than the district judge, because, the circuit justice so seldom coming into the circuit, there are multitudes of cases where the amount in controversy is such that, upon my single judgment, must rest the final determination of the case. But, although there is that defect, and although the district judges can and do relieve themselves oftentimes of the burden which arises from it by calling in the assistance of the circuit judge, yet, notwithstanding, I think the other thought and rule must be regarded; and that is, that it is wiser and better that the litigation commenced before one judge should be continued, so far as practicable, before him to its close in the trial court. I felt called upon to say this. While it is a matter not directly pertinent in this case, yet it is well to be borne in mind by counsel.

The simple order will be that the applications will be overruled, with leave to renew them upon decision of the supreme court.