SIMONDS COUNTER MACHINERY CO. *v.* KNOX *et al.*

(*Circuit Court, D. Massachusetts.* August 31, 1889.)

1. JUDGMENT—RES ADJUDICATA.
   In a third suit on letters patent, which have been assailed as invalid on account of prior public use, and have been twice sustained by the courts, the former decision will be followed where no new facts of a controlling character are introduced.

2. PATENTS FOR INVENTIONS—INFRINGEMENT.
   Letters patent No. 147,288, dated February 10, 1874, and granted to Simonds and Emery for improvements in machinery for moulding counters for boots and shoes, claimed a combination of a divided mould and cams, which moulded the heel-counter by a pressure nearly at right angles to the surface of the leather. *Held* infringed by a machine made under a patent granted November 6, 1888, to G. A. Knox, by which the counter is pressed into shape by pressure nearly at right angles, by a spring-mould which is not divided, but is substantially the same as that of Simonds and Emery.

In Equity. Bill to enjoin infringement of patent.
*W. A. Macleod,* for complainant.
*Livermore, Fish & Richardson,* for defendants.

COLT, J. This suit is brought on letters patent No. 147,288, dated February 10, 1874, granted to Simonds and Emery for improvements in machinery for moulding counters for boots and shoes. The present hearing was upon motion for a preliminary injunction. The patent has been twice passed upon by the circuit court. In the suit of *Emery* v. *Cavanagh,* 17 Fed. Rep. 242, 27 Fed. Rep. 511, Judge SHIPMAN held that the patent was valid. The main ground of attack in that case was public use for more than two years prior to the application for a patent, and the court, upon examination of the evidence, found that the prior use of the machine was experimental. Subsequently suit was brought in this circuit by the present complainant against Lewis B. Russell, raising the same issues as in the *Cavanagh Case,* and Judge LOWELL, after hearing the arguments of counsel, and upon consideration of the case, granted an injunction *nisi.* In the present case, and for the third time, it is sought to invalidate this patent on the same ground of prior public use. The question raised under this issue is one of fact, and consequently the evidence is conflicting; and, where the circuit court has twice found for the patentees on this issue, the court should hesitate to reverse such finding, unless upon new evidence of a decisive and con-

trolling character. The evidence before the court in the prior suits is made a part of the present record, and, while the defendants have called several additional witnesses to this point, still, taking the evidence as a whole, it is substantially the same as in the other suits; at least no new facts of a controlling character have been brought forward by the defendants. I shall therefore follow the prior decisions of the court, and hold the patent valid.

It is suggested by defendants' counsel, in a careful review of the authorities, that the law on the question of what constitutes "public use" has been modified by the supreme court in the recent case of *Smith & Griggs Manuf'g Co.* v. *Sprague,* 123 U. S. 249, 8 Sup. Ct. Rep. 122, and that under the rule there laid down the patent in suit is shown to be invalid. I do not understand, however, that the *Smith & Griggs Case* changed the doctrine of the law with reference to prior public use, or that it is in conflict with the former decisions of the same court on this point.

The second and remaining defense is non-infringement. Simonds and Emery appear to have been the first persons to set a heel-counter or stiffener for boots and shoes firmly into shape. In prior devices the moulding pressure at the open ends of the counter was exerted by the female die sliding along the leather. Simonds and Emery were the first to mould this part of the counter by a pressure nearly at right angles to the surface of the leather, by means of a divided die whose open ends approach each other and set the leather into the proper shape. The alleged infringing machine is made under a patent granted to George A. Knox, November 6, 1888. In this machine there is a spring-mould so formed that its open ends approach each other by means of cams, and compress the counter at nearly right angles to its surface. The Knox spring-mould is not divided, but in structure and operation it seems to me substantially the same, or the equivalent, of the Simonds and Emery, with the exception of the flange-turning device which is found in the latter. In the Knox machine the turning of the flange of the counter is performed by other mechanism. I am of opinion that there is found in the Knox machine the combinations described in claims 1 and 4 of the Simonds and Emery patent. These claims are as follows:

"(1) The combination of the divided mould, *i, i,* and form, *n,* substantially as described and shown."

"(4) In combination with mould, *i, i,* the cams, *a', a',* substantially as described and shown."

In view of the advance made in the art by Simonds and Emery, and of prior adjudications, these claims should receive a fairly liberal construction. The prior patents upon machines for making horseshoes do not, I think, anticipate this invention. Motion granted.