Andrews, C. J.
This is a suit to charge the sureties on a bond of a nonresident executor with the sum adjudged by a decree of 6he surrogate of the city and county of New York, made in 1886, *322 on an accounting b-y the executor, to be due from him to the estate of the decedent. The case has been twice tried, and this is the second appeal to this court. On the first trial the defendants had judgment in theirfavor, on the ground that a decree made by the surrogate on a former accounting, in 1873, changed the character in which the executor had mp' to that time hold the funds and property of the estate, and that lie thereafter held them in his character as trustee, and that the devastavit by-which, the property of the estate was wasted and lost occurred after the decree of 1873, and was, therefore, not covered by the undertaking of the sureties, which related only to the acts of the executor as such. The judgment of the trial court on the first trial having been affirmed by the general term, an appeal was taken to this court, and was heard before the second division, which reversed the judgment below, and ordered a new trial, 124 N. Y., 195; 34 St. Rep. 959. The judgment of the second division was placed'on the ground that the accounting and decree in 1873 did not terminate the executorial duties of the executor, or change the character in which he held the property, but that until the decree of 1886 he continued to hold it as executor, and not as trustee, and that, therefore, the sureties were liable for a failure of their principal to pay the sum adjudged against him by the decree on the second accounting. On a new trial a verdict was directed for the plaintiff for the amount adjudged by the decree of 1886, with interest. The general term, on appeal, affirmed the judgment "entered pursuant to the verdict on the second trial, and this appeal is taken from the judgment of affirmance. We arc-asked to review and reverse the ^judgments so rendered by the courts below, although they were rendered in precise conformity with the principles upon which the former decision in this court proceeded. It is insisted that the second division of the court erred in its construction of the decree of 1873, and in adjudging that the character in which the property was held by the principal of the défendants was not thereby changed. The facts were not changed in any material respect on the second trial. All the material facts bearing upon the liability of the sureties, presented by the present record, were in the record on the former appeal. The law of the case was determined after full argument and consideration by the second division of this court. It would be contrary to the general rule, and present an unseemly spectacle, for this court in the same case, between the same parties, upon substantially identical facts, to reverse a judgment rendered by a co-ordinate branch of this court upon a full understanding of-the facts and of the question of the law involved, even although, if the case was res novo, we might be of the opinion that the law of the case was erroneously adjudged.
The state has constituted courts of different grades for the ascertainment of public and private rights, and, to afford ah opportunity for the correction of errors, it has arranged a system of appellate courts, and has vested the final jurisdiction in this court. There is no exemption in any tribunal from the infirmities of human judgment. But the state has an interest that contro *323 versies in the courts should at some time come to end, and, when submitted to the final arbitrament, that the judgment rendered should be accepted as the final determination of the right in controversy. The court may proceed upon erroneous views of the facts or the law. But to permit the parties to an action to reopen a discussion on the law or the facts once deliberately determined by the court of last resort, on a subsequent appeal in the same case, on a suggestion of error in the former decision, would encourage litigation and diminish respect for judicial tribunals, which it is of the highest importance should be maintained. There is no iron rule which precludes a court from correcting a manifest error in its former judgment, or which requires it to adhere to an unsound declaration of the law. It may, for cogent reasons, reverse or qualify a prior decision, evemdn the same case. But the cases in which this will be done are exceptional, and the power should be sparingly exercised. Where, by inadvertence, a settled principle of law is supposed to have been overlooked, or a rule óf property violated, the court affords by its rules an opportunity to have its attention again called to the matter before final judgment is entered. If the party against whom the judgment is rendered omits to avail himself of this opportunity, or if, having applied for a reargument, the application is denied, and the case goes to. a new trial on the law as declared, the circumstances must be very unusual which would justify the court in reversing its decision, on a second appeal in the same case, and upon the same facts. The decision is a precedent upon the point of law involved, which the court may or may not follow in cases subsequently arising, but in the particular case it is “ more than authority; it is a final adjudication” between the parties. We are not to be understood as in any respect questioning the soundness of the decision on the former appeal. We decline to consider the question. It depended upon the construction to be given to certain acts and documents, all of which were before the court, and taken into consideration. It affected no general public interest, nor did it1 establish any doctrine in hostility to the previous law as declared by this court. If there was any error at all, it was in the application of admitted principles to the circumstances of the particular case. This court, following the general trend of judicial authority, has frequently refused to reconsider in the particular case its prior decision, on the ground that the parties were concluded thereby, and this rule has been followed where the first decision was by the commission of appeals. Oakley v. Aspinwall, 3 N. Y., 500; Justice v. Lang, 52 N. Y., 323; Terry v. Wait, 56 N. Y., 91; Joslin v. Cowee, Id. 626; Williamsburgh Sav. Bank v. Town of Solon, 136 N. Y., 465, 477 ; 49 St. Rep. 840. The new points raised are not well taken, and do not require special reference. The judgment should be affirmed, with costs. Judgment affirmed.
All concur.

 Affirming 50 St. Rep. 941.