## COMMERCIAL UNION OF AMERICA, Inc., v. ANGLO–SOUTH AMERICAN BANK, Ltd.

(Circuit Court of Appeals, Second Circuit. December 7, 1925.)

No. 39.

1. **Courts ⬀99(2)—Order of judge denying motion to dismiss complaint became law of case and should be so treated by any other judge sitting in same case in that court.**

Where District Judge denied motion to dismiss complaint, his decision was the law of the case as established in District Court, and should have been so treated by any other judge sitting in same case in that court; hence later order of different judge dismissing complaint was improper.

2. **Courts ⬀481—Judges of co-ordinate jurisdiction, sitting in same court and case, should not overrule decisions of each other.**

Judges of co-ordinate jurisdiction, sitting in the same court and in the same case, should not overrule the decisions of each other.

In Error to the District Court of the United States for the Southern District of New York.

Action by the Commercial Union of America, Inc., against the Anglo–South American Bank, Limited. Judgment denying application to amend complaint, and granting motion to dismiss complaint, and plaintiff brings error. Reversed, with directions.

The action was commenced in the Supreme Court of New York on November 15, 1921, and was removed into the District Court. The defendant moved to dismiss the complaint on the ground that it did not state facts constituting a cause of action, and the plaintiff moved for leave to amend the complaint. The motion to amend the complaint was denied, and the motion to dismiss the complaint was granted. The order denying the motion to amend was denied on November 24, 1924. That granting the motion to dismiss was made on the same day. The motion denying the application to amend was denied, on the ground that, if amendment were allowed, it would not help matters and cure the infirmity of the complaint.

Zabriskie, Sage, Kerr & Gray, of New York City (George Zabriskie and George Gray Zabriskie, both of New York City, of counsel), for plaintiff in error.

Appleton, Butler & Rice, of New York City (Edwin T. Rice, of New York City, of counsel), for defendant in error.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

ROGERS, Circuit Judge. The plaintiff is a corporation organized and existing under the laws of the state of New York. The defendant was and is a corporation organized and existing under the laws of the United Kingdom of Great Britain. It is a foreign bank transacting business within the state of New York under a license from the state superintendent of banks.

The action was brought to recover damages in the sum of $21,042.97, with interest and costs, for the alleged breach by defendant of a contract expressed in a commercial credit issued by the defendant on October 22, 1920, for the sum of $44,800. This credit was available to the plaintiff upon the presentation of documents specified, covering a shipment of 200 tons of Java sugar c. i. f. Barcelona, by steamer sailing from New York to Spain in the first half of November, 1920.

It appears that, prior to the order dismissing the complaint on the ground of its insufficiency, which order, as stated, was made on November 24, 1924, a similar motion to dismiss for a like reason had been made before Judge Mack, sitting in the District Court, and he denied the motion by an order made on February 14, 1922. It was thereby decided that the complaint was sufficient; the motion to dismiss being equivalent to a demurrer.

The first order is in the record, which the attorneys on both sides stipulate is a true transcript of the record in the action; and the facts are fully recited in the agreed "statement" prepared in accordance with

rule 26 of the District Court Rules. The situation presented, therefore, is this: That after one judge sitting in the case had decided the complaint to be sufficient, another judge sitting in the same court decided it was insufficient and dismissed it.

We are not aware that it has ever before happened that in the Southern district of New York, or in any district within this circuit, one judge has in effect undertaken to set aside or ignore an order made by another judge of co-ordinate jurisdiction in the same suit. It is contended by the plaintiff that the order first made, sustaining the sufficiency of the complaint, rendered the question res judicata as between the parties, and was the law of the case, binding upon the other judges of the court.

In Roberts & Co. v. Buckley, 145 N. Y. 215, 229, 39 N. E. 966, 970, Judge O'Brien, writing for the New York Court of Appeals, said:

"But it is said that this court in the Second division took a different view of the effect of the inventory in deciding the former appeal, and that we are bound by that decision. If the facts then and now are identical, it is our duty to follow the former decision, even though convinced, if the case was res nova, that our brethren of the Second division took an erroneous view of the law. It is necessary to adhere to this principle if there is ever to be an end to litigation. It is important, of course, that private controversies should be determined in the court of last resort according to law and justice; but the infirmities of human judgment are such that different tribunals will not always take the same view of the question. When, however, the question has been once decided in this court, or in the Second division, with co-ordinate powers, the same parties, in the same case, upon the same facts, cannot be permitted to reopen the discussion without great detriment to the public interest and destroying that respect for the decisions of courts which it is important should be maintained. (Cluff v. Day, 141 N. Y. 580 [36 N. E. 182]; Mygatt v. Coe, 142 N. Y. 78 [36 N. E. 870]; Moore v. Simmons, 133 N. Y. 695 [31 N. E. 513])."

And in Matter of Laudy, 161 N. Y. 429, 434, 435, 55 N. E. 914, 915, Judge Vann, writing for the same court, said:

"The principle established in all jurisdictions is that so long as the facts remain the same, the rule of law once held by the court of last resort remains the rule throughout the subsequent history of the cause, in all its stages, except under extraordinary circumstances, which do not exist in this case. 2 Van Fleet's Former Adjudication, 1302, and cases cited. Where the law of a case was determined after full argument and consideration, by the Second division of this court, and upon a second appeal substantially the same facts appeared, we refused to consider the questions of law and held the parties concluded by the former decision. Cluff v. Day, 141 N. Y. 580 [36 N. E. 182]. That there is a question of fact in this case is res judicata. The rule of res judicata controls the parties, while that of stare decisis guides the courts."

In Appleton v. Smith, 1 Fed. Cas. 1075, Fed. Cas. No. 498, Justice Miller (of the Supreme Court) sitting as a Circuit Justice in the district of Arkansas, in 1870, had before him a motion to quash an attachment levied on goods. He denied the motion, and in doing so said:

"Upon looking into the record of the case, I find that the same motion, based upon the same legal proposition, was made at the last term of the court, and was overruled by the last district judge, who at that time held the court. I have repeatedly decided in this circuit, since I was first assigned to it, that I would not sit in review of the judgments and orders of the court, made by the District Judges in my absence. Where, as in the present case, the motion is made on the same grounds, and with no new state of pleadings or facts, it is nothing more than an appeal from one judge of the same court to another, and though it is my province in the Supreme Court to hear and determine such appeals, I have in this court no such prerogative. The district judge would have the same right to review my judgments and orders here as I would have in regard to his. It would be in the highest degree indelicate for one judge of the same court thus to review and set aside the action of his associate in his absence, and might lead to unseemly struggles to obtain a hearing before one judge in preference to the other. I have also held, and have prescribed it for myself as a rule of conduct, that the presence of the District Judge, and his consent to a review of his decision, will not vary the course to be pursued."

In United States v. Biebusch, 1 F. 213, 1 McCrary 43, Judge McCrary, sitting as a Circuit Judge in 1880, said:

"In this case and one other I have at

this time heard, with the District Judge, motions for new trials in cases tried before him when holding alone the Circuit Court. I have done so at his request, and only for the purpose of advising with and assisting him. It is well settled in this circuit that the rulings of the District Judge while holding the Circuit Court are not subject to be reviewed in the same court, either by the Circuit Judge or the Circuit Justice. I make this announcement so that it may be understood that I am not to be expected, as a rule, to entertain motions for new trials in cases tried in my absence by the District Judge, and that I will only sit with the District Judge in hearing such matters when he desires and requests it. It is not enough that he does not object or consent."

In Cole Silver Mining Co. v. Virginia & Gold Hill Water Co., 6 Fed. Cas. 72, Fed. Cas. No. 2,990, Mr. Justice Field (of the Supreme Court), sitting in the Circuit Court, said:

"II. The injunction, although preventive in form, is undoubtedly mandatory in fact. It was intended to be so by the Circuit Judge who granted it, and the objection which is now urged for its dissolution was presented to him, and was fully considered. I could not with propriety reconsider his decision, even if I differed from him in opinion. The Circuit Judge possesses, as already stated, equal authority with myself in the circuit and it would lead to unseemly conflicts, if the rulings of one judge, upon a question of law, should be disregarded, or be open to review by the other judge in the same case."

In Oglesby v. Attrill, 14 F. 214, Judge Pardee, sitting in the Circuit Court for the Eastern District of Louisiana, in 1882, was asked to set aside a substituted service of process. He said:

"I have examined the record, and I find that this question has been passed upon and adjudicated by the District Judge sitting in this court in the early stage of this case. 12 Fed. Rep. 227. This decision is not open for review to any other judge sitting in this court in the same case."

In Reynolds v. Iron Silver Mining Co., 33 F. 354, Justice Brewer (of the Supreme Court), sitting in the Circuit Court in Colorado in 1888, was asked to dissolve an injunction which had been granted by another judge of the court. He declined to do it, and, after referring with approval to what was said by Justice Miller in Appleton v. Smith, supra, and by Judge McCrary in

United States v. Biebusch, supra, went on to say:

"You all know, at least those who have been familiar with the jurisprudence of the state of New York, how many unseemly struggles there have been, as Justice Miller refers to, to get a case now before one judge, and then before another. Under their peculiar system, you get an order before one judge; the beaten party goes to another judge, gets an order staying proceedings, and sets down a motion before a third to vacate the order, and one never knows when the litigation is at an end, or where it is to continue; whereas, if it is all continued before the same judge from the commencement to the close, there is a consistency in the rulings, if nothing else; and I think that the orderly administration of justice requires, and justice itself will in the long run and the general average be best secured, if litigation commenced before one judge continues before him until it shall be taken to an appellate tribunal."

In Wakelee v. Davis, 44 F. 532, Judge Coxe, sitting in the Circuit Court for the Southern District of New York in 1891, in a case which had been twice before the court on demurrer, said:

"The propositions of law presented are the same now as on demurrer. Some testimony has been taken pro and con, but, upon all important questions, it is substantially conceded that the legal aspects of the cause remain unchanged. It is true that in deciding the issues presented by the demurrer the court spoke through another judge, but the law there enunciated is not merely the individual opinion of the judge who presided; it is the law of this court, to be followed, upon similar facts, until a different rule is laid down by the Supreme Court. A re-examination and discussion of the question involved is, therefore, unnecessary, for the reason that the court is constrained to follow its former decision."

In Shreve v. Cheesman, 69 F. 785, 790, 16 C. C. A. 413, 418, Judge Sanborn, writing for the Circuit Court of Appeals in the Eighth Circuit, in 1895, said:

"It is a principle of general jurisprudence that courts of concurrent or co-ordinate jurisdiction will follow the deliberate decisions of each other, in order to prevent unseemly conflicts, and to preserve uniformity of decision and harmony of action. This principle is nowhere more firmly established or more implicitly followed than in the Circuit Courts of the United States. A deliber-

ate decision of a question of law by one of these courts is generally treated as a controlling precedent in every federal Circuit Court in the Union, until it is reversed or modified by an appellate court. Striking illustrations of this principle will be found in Vulcanite Co. v. Willis, 1 Flip. 389, 393, Fed. Cas. No. 5,603, in which Judge Emmons said of these courts: 'They constitute a single system; and when one court has fully considered and deliberately decided a question, every suggestion of propriety and fit public action demand it should be followed until modified by the appellate court. * * * So great, however, is the importance I attach to uniformity of decision by courts of co-ordinate jurisdiction, that I feel constrained to adopt the rule thus established in the several districts in which these cases arose. It seems more important that the rule should be uniform and certain than that it should be consistent with principle'; Welle v. Navigation Co. [C. C.] 15 F. 561, 570; Reed v. Railroad Co. [C. C.] 21 F. 283; American Wood Paper Co. v. Fiber Disintegrating Co., 3 Fish. Pat. Cas. 362, Fed. Cas. No. 320; Goodyear v. Berry, 3 Fish. Pat. Cas. 439, Fed. Cas. No. 5,556; Machinery Co. v. Knox [C. C.] 39 F. 702. Nor has it been thought less vital to a wise administration of justice in the federal courts that the various judges who sit in the same court should not attempt to overrule the decisions of each other, especially upon questions involving rules of property or of practice, except for the most cogent reasons."

In Taylor v. Decatur Co., 112 F. 449, District Judge Toulmin, sitting in the Circuit Court for the Northern District of Alabama, in 1901, said:

"Such of the demurrers as are filed to the original bill, and which were heretofore considered and overruled by Judge Swayne, then presiding in this court, are not passed on by me further than pro forma to overrule them, as having been ruled on by this court. One judge will not review the rulings of another in the same court."

In Plattner Implement Co. v. International Harvester Co. of America, 133 F. 376, 66 C. C. A. 438 a general demurrer was interposed to an answer and was sustained by the resident District Judge. The defendant thereupon filed an amended answer, and the plaintiff filed a reply to that answer. There was a trial before a jury and the District Judge of another district, who was temporarily holding the court. The trial judge directed a judgment for the defendant upon a defense, although the resident judge had previously sustained a demurrer to it. Judge Sanborn, writing for the Circuit Court of Appeals for the Eighth Circuit, in considering the action of the trial judge, after referring to the rule laid down in Shreve v. Cheesman, supra, and referring to it as a "rule of comity and of necessity," said:

"But the rule itself, and a careful observance of it, are essential to the prevention of unseemly conflicts, to the speedy conclusion of litigation, and to the respectable administration of the law, especially in the national courts, where many judges are qualified to sit at the trials, and are frequently called upon to act in the same cases. It is unavoidable that the opinions of several judges upon the many doubtful questions which are constantly arising should sometimes differ, and a rule of practice which would permit one judge to sustain a demurrer to a complaint, another of co-ordinate jurisdiction to overrule it and to try the case upon the theory that the pleading was sufficient, and the former to then arrest the judgment, upon the ground that his decision upon the demurrer was right, would be intolerable. It has long been almost universally observed."

In Presidio Mining Co. v. Overton, 261 F. 933, decided by the Circuit Court of Appeals in the Ninth Circuit, it quoted approvingly the remarks of Justice Field in Cole Silver Mining Co. v. Virginia & Gold Hill Water Co., supra, already set forth in this opinion.

We have at some length set forth the rulings of the federal courts on the effect of a decision made by a trial judge upon the right of a judge sitting subsequently in the same court and in the same case to overrule the decision of the first judge on the same matter. We have done so because the question raised is important, and has to do with the dignified and orderly procedure of the courts, and is a departure from what has been regarded heretofore in this and in the other circuits as improper and not to be countenanced.

The learned judge who first passed on the sufficiency of the complaint, and held it to be sufficient, denying the motion to dismiss, filed no opinion; and the learned judge who subsequently sat in the case, in the same court, held the same complaint insufficient and dismissed it, and also wrote no opinion, but in denying the motion to

amend the complaint he filed the following brief statement: "The amendments to the complaint, if allowed, would not cure the infirmity. Old Colony Trust Co. v. L. T. & T. Co., 297 F. 152. Motion denied."

[1, 2] It appears, therefore, that in dismissing the complaint he thought the decision of this court in the Old Colony Trust Co. Case, and handed down after Judge Mack had made the original order sustaining the sufficiency of the complaint, was erroneous in law, ought to be disregarded by him, and required the dismissal of the action. In so holding we think he made a serious mistake, quite irrespective of whether or not the Old Colony Trust Co. Case was correctly construed by him. The counsel for the plaintiff in error insists that that case is plainly distinguishable from this in its facts, and is not at all governed by it. We shall not pass upon that question at this time, but content ourselves with holding that the decision made by Judge Mack was the law of the case as established in the District Court, and should have been so treated by any other judge sitting in the same case in that court. Judges of co-ordinate jurisdiction, sitting in the same court and in the same case, should not overrule the decisions of each other.

For that reason and that reason only, the judgment is reversed, and the District Court is directed to reinstate the action and grant the motion to amend the complaint.