### WESTERLY WATERWORKS v. TOWN OF WESTERLY et al.

### SEAMEN'S FRIEND SOC. et al. v. SAME.

(Circuit Court, D. Rhode Island. December 28, 1896.)

Nos. 2,522 and 2,523.

1. TEMPORARY INJUNCTION—MOTION TO DISSOLVE—COURT RULES.
   Rule 16 of the circuit court for the first circuit relates to the rehearing of causes once heard on the merits, and has no application to motions to dissolve temporary injunctions.

2. SAME.
   A temporary injunction is at all times subject to motion to vacate or modify, notwithstanding that in granting it the court may have chosen to discuss the merits of the case.

3. SAME—PRACTICE.
   By the federal practice, a motion to dissolve an injunction should always, when practicable, be addressed to the judge who granted it; and in case of his death it would seem advisable that two judges should hear the motion to dissolve.

These were two suits brought respectively by the Westerly Waterworks and the Seamen's Friend Society and others against the town of Westerly. The causes were heard on motions to dissolve the temporary injunctions heretofore granted. See 75 Fed. 181.

William C. Loring, Walter B. Vincent, Joseph C. Ely, and James M. Ripley, for complainant.

Francis Colwell, Walter H. Barney, and A. B. Crafts, for respondents.

COLT, Circuit Judge. In these cases the defendants have filed motions to dissolve the preliminary injunctions heretofore granted. The present hearing was had upon the objections of the complainants to setting down these motions for hearing. In No. 2,522 the bill was filed May 22, 1896, and in No. 2,523 the bill was filed May 27, 1896. In both cases the main question presented is the same. On June 25, 1896, Judge Carpenter heard both cases together on motion for a preliminary injunction, and on June 30th directed that a writ of injunction issue in each case. 75 Fed. 181. The defendants appealed from these injunction orders to the circuit court of appeals, and on October 23, that court dismissed the appeals for want of jurisdiction. 76 Fed. 467. In its opinion, the court, speaking through Judge Webb, said:

"As we determine the question of jurisdiction in favor of the appellees, we enter into no consideration of the merits; but the appellants, if they desire a rehearing on the merits, should move in the circuit court to dissolve the injunctions."

As these cases raise a constitutional question, the circuit court of appeals decided that it had no jurisdiction to entertain the appeals under section 7 of the act of March 3, 1891 (26 Stat. 826), and thereupon the defendants have filed the present motions to vacate the injunction orders.

The first objection is to the form of these motions. Whatever may be the precise wording of the motions, they were intended to be, and should be treated as, motions to dissolve a preliminary injunction, and not motions for a rehearing, as that term is generally understood.

The second objection is that rule 16 of the circuit court is applicable to these motions. This rule is based upon a rule of the circuit court for the district of Massachusetts, adopted at the May term, 1879, and equity rule 88 of the supreme court, and relates to the rehearing of cases which have been heard on the merits, and it has no application to a motion to dissolve a purely interlocutory order granting a temporary injunction. Interlocutory orders granting temporary injunctions pending a hearing on the merits are at all times subject to motion to vacate or modify. These orders are not governed by the rules which apply to rehearings, where the merits of a case have been decided upon proper proofs. The granting or refusing of such injunction is addressed to the sound discretion of the court, and is not a determination of the merits of the case, and cannot operate as such except by stipulation of both parties. Accord-

ing to the due course of equity procedure, no hearing can be had on the merits, and no final decree entered, until after answer, replication, and proofs taken in the regular manner. The complainant in the present case seems to have proceeded upon the theory that the hearing before Judge Carpenter on motion for a preliminary injunction was in the nature of a final hearing, and should be treated as such, but this is clearly an error. If the court, in its decision, chose to enter upon a discussion of the merits of the case, that circumstance cannot in any way operate to change the real character of the order. In appeals from interlocutory orders granting preliminary injunctions under section 7 of the act of March 3, 1891, the only question for review is whether such orders were erroneously or improvidently granted.

The third objection is that a circuit judge should not review an interlocutory order granting an injunction of a district judge sitting in the circuit court. It is quite true, as the complainant contends, that by the practice which prevails in the federal courts, a motion to dissolve an injunction should always, when practicable, be addressed to the judge who granted the order, and no other judge will consent to review such order on the same state of facts. But in case of the death of the judge who made the original order it is clear that no such rule of comity can exist, because otherwise it might be impossible to modify or dissolve such injunction order until final decree. Under such circumstances, however, it would seem advisable that two judges should hear any motion to vacate or modify. These motions having been duly filed, I see no valid objection to setting them down for hearing, and they may stand for hearing before Judge BROWN and myself at such time as the court may set upon application of counsel.