IDE v. CROSBY et al.

(Circuit Court, N. D. Alabama, S. D. November 7, 1900.)

No. 120.

INJUNCTIONS—MOTION TO DISSOLVE—INTERLOCUTORY ORDER MADE BY JUDGE OF EQUAL AUTHORITY.

A circuit judge will not grant a motion to dissolve an interlocutory injunction granted by a district judge sitting in a circuit court, where it can be made before the same judge who made the order.

At Chambers. On motion to dissolve temporary injunction.

S. J. Bowie (John B. Knox and Fred L. Blackmon, on the brief), for plaintiff.

W. A. Gunter (Gaston Gunter, on the brief), for defendants.

SHELBY, Circuit Judge. This cause is submitted on a motion "to discharge and dissolve" an injunction issued out of the circuit court of the United States for the Southern division of the Northern district of Alabama by order of the Honorable John Bruce, district judge. The grounds of the motion are that the injunction was granted without notice, that the bill is without equity, and that the court is without jurisdiction, because indispensable parties cannot be made parties to the bill, they being nonresidents.

The preliminary question raised by the plaintiff, resisting the motion to dissolve the injunction, is whether a circuit judge should dissolve an injunction granted by a district judge holding a circuit court. A district judge presiding in the circuit court has the same powers and jurisdiction that are possessed by a circuit judge holding the court. It would lead to unseemly conflict of opinion and decision if one judge, having in the matter in question the same jurisdiction, should review and reverse the opinion and decision of another. And, where there are several judges having the same powers and jurisdiction, the conflict and uncertainty could be increased by applications to each of them. Except in cases where the urgency is such that timely relief cannot be obtained by application to the judge who granted the writ, or by appeal, it appears to be the better practice, and the one sustained by authority, to require the defendant to apply for its discharge or dissolution to the judge who granted the injunction. The defendant complaining of the order granting the injunction now has the right, also, of appeal to the United States circuit court of appeals. Act June 6, 1900 (Acts Cong. 1899–1900, p. 660).

In Westerly Waterworks v. Town of Westerly (C. C.) 77 Fed. 783, 785, Colt, Circuit Judge, held that a circuit judge should not review an interlocutory order granting an injunction made by a district judge sitting in the circuit court. Judge Colt said:

"It is quite true, as the complainant contends, that by the practice which prevails in the federal courts a motion to dissolve an injunction should always, when practicable, be addressed to the judge who granted the order, and no other judge will consent to review such order on the same state of facts. But, in case of the death of the judge who made the original order, it is clear that no such rule of comity can exist, because otherwise it might be impossible to modify or dissolve such injunction order until final decree. Under such circumstances, however, it would seem advisable that two judges should hear any motion to vacate or modify."

In Klein v. Fleetford (C. C.) 35 Fed. 98, an injunction had been granted by a district judge, and a motion to dissolve it was made before Brewer, Circuit Judge. In overruling the motion, and giving leave to renew it before the district judge, Judge Brewer said:

"I had occasion last term, in deciding a case, to say to counsel that, as a rule, injunctions issued by one judge would remain, unless modified, changed, or set aside by the same judge."

I think it may be stated as a general rule that, where two judges possess equal authority, one will not review or reverse the rulings of the other in the same case. Giant Powder Co. v. California Vigorit Powder Co. (C. C.) 5 Fed. 197; Cole Silver-Min. Co. v. Virginia & Gold Hill Water Co., 1 Sawy. 685, 689, Fed. Cas. No. 2,990; Oglesby v. Attrill (C. C.) 14 Fed. 214; Preston v. Walsh (C. C.) 10 Fed. 315; Appleton v. Smith, 1 Dill. 202, Fed. Cas. No. 498; Reynolds v. Mining Co. (C. C.) 33 Fed. 354. An order will be entered overruling the motion, with leave to renew it, if desired, before the district judge.