BIRCH v. STEELE.

(Circuit Court of Appeals, Fifth Circuit. December 1, 1908.)

No. 1,869.

1. JUDGES (§ 2*)—FEDERAL JUDGE—CREATION OF OFFICE—CONSTRUCTION OF STATUTE.

By Act Feb. 25, 1907, c. 1198, 34 Stat. 931 (U. S. Comp. St. Supp. 1907, p. 187), the President was authorized to appoint "a District Judge for the Northern judicial district of Alabama, * * * who shall possess the same powers and perform the same duties within the said Northern judicial district of Alabama as are now possessed by and performed by the District Judge of the United States in any of the judicial districts established by law." At the time of the passage of such act, by virtue of Act Aug. 2, 1886, c. 842, § 2, 24 Stat. 213 (U. S. Comp. St. 1901, p. 449), there was one District Judge for the Middle and Northern districts of Alabama. *Held*, that such act, in so far as it gave the existing judge and his successors jurisdiction within the Northern district, was not repealed by implication by the later act, the effect of which was merely to create an additional judge for said district.

[Ed. Note.—For other cases, see Judges, Cent. Dig. § 2; Dec. Dig. § 2.*]

2. BANKRUPTCY (§ 221*)—POWERS OF COURTS OF BANKRUPTCY—APPOINTMENT AND REMOVAL OF REFEREES.

Under Bankr. Act July 1, 1898, c. 541, § 34a, 30 Stat. 555 (U. S. Comp. St. 1901, p. 3435), which confers upon "courts of bankruptcy" the power to appoint and remove referees within the territorial limits of which they have jurisdiction, a District Court sitting as a court of bankruptcy, which is a court held by one judge, has power to appoint or remove a referee, although there may be another judge who is also authorized to hold the same court.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 381; Dec. Dig. § 221.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

165 F.—37

3. BANKRUPTCY (§ 441\*)—SUPERINTENDENCE AND REVISION—JURISDICTION OF CIRCUIT COURT OF APPEALS.

Bankr. Act July 1, 1898, c. 541, § 24b, 30 Stat. 553 (U. S. Comp. St. 1901, p. 3432), giving Circuit Courts of Appeals jurisdiction to superintend and revise in matter of law the proceedings of the several inferior courts of bankruptcy, confers no power on such courts to control the discretion of a District Court in the appointment or removal of referees.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 914; Dec. Dig. § 441.\*

Jurisdiction of federal courts in suits relating to bankruptcy, see note to Bailey v. Mosher, 11 C. C. A. 313.]

Petition for Revision of Proceedings of the District Court of the United States for the Northern District of Alabama.

The averments of the petition are as follows:

"(1) Your petitioner avers that on, to wit, the 20th day of December, 1901, the Honorable Thomas G. Jones was appointed, and shortly thereafter was commissioned and confirmed as a United States District Judge for the Northern and Middle districts of Alabama, and duly qualified as such, and ever since has continued to discharge the duties of such office in both of said districts.

"Your petitioner further shows unto the court that on, to wit, the 10th day of April, 1907, the Honorable Oscar R. Hundley, while the Senate of the United States was not in session, was given a recess appointment as a judge of the Northern district of Alabama, and was duly commissioned as such judge by the President of the United States under the power and authority given him by an act of Congress providing for the appointment of a judge of the Northern district of Alabama, which act of Congress, in substance, provides that the President, by and with the advice of the Senate, shall appoint a judge for the Northern district of Alabama, who shall have all the qualifications of other federal judges, and all the power and authority of such judges in the Northern district of Alabama, and who shall receive the same remuneration, and who shall reside at Birmingham, Ala.

"Your petitioner further shows that the name of the Honorable Oscar R. Hundley was sent to the Senate of the United States for confirmation as United States District Judge when Congress convened in December, 1907, but that the Senate adjourned sine die on May 30, 1908, without action on the confirmation of such nomination; and that Honorable Oscar R. Hundley is now serving as District Judge under the provisions of the act above referred to, under a second recess appointment, which was made by the President, as petitioner is informed and believes, on the 1st day of June, 1908.

"Your petitioner avers that, as a matter of law, the legal effect of the act of Congress heretofore mentioned was to provide extra judicial force in the Northern district of Alabama by placing in said district a judge with equal and coördinate powers and authority with the then judge of the district, and did not otherwise change the authority and jurisdiction of Honorable Thomas G. Jones as judge of said Northern district of Alabama. Your petitioner avers as matter of law that the said act of Congress does not interfere with the jurisdiction of the District Judge of the Northern district who was serving at the time of its enactment, and that at the present time said District Judge is as much a judge in said Northern district as he was at the time of his qualification as such judge.

"(2) Your petitioner further represents and shows unto this honorable court that on the 30th day of May, 1908, he was duly and regularly appointed by the court of bankruptcy for the Northern district of Alabama as a referee in bankruptcy for the following counties, to wit, Jefferson, Walker, Bibb, Blount, Shelby, Fayette, Lamar, and St. Clair, in said Northern district; which order of appointment was made by the Honorable Thomas G. Jones, United States District Judge for the Northern and Middle districts of Alabama, while sitting as the court of bankruptcy for the Northern district of Alabama, at Mont-

gomery, Ala. Your petitioner avers that said order of appointment was made on Saturday and was mailed to the clerk of the United States District Court at Birmingham, Ala., and was by said clerk filed on Sunday, May 31, 1908. Petitioner has hereto attached a certified copy of said order of appointment, and prays that the same, as 'Exhibit A,' may be considered as a part of this petition for review, with leave to refer thereto as often as may be necessary.

"Your petitioner avers that at the time said order of appointment was made, the Senate of the United States had adjourned sine die without having confirmed the nomination of the said Honorable Oscar R. Hundley, who, as heretofore shown, was serving as a United States District Judge in the Northern district of Alabama under a recess appointment, and petitioner avers that as matter of law the said Honorable Oscar R. Hundley ceased to be a judge on the adjournment of the Senate without having confirmed his nomination, and that he could not again exercise the functions of his office until he qualified under a second recess appointment, and that the said Honorable Oscar R. Hundley did not qualify under his second recess appointment until June 1, 1908, all of which appears as matter of record in said District Court. Your petitioner avers that his said appointment as referee in bankruptcy was made by the Honorable Thomas G. Jones, United States District Judge for the Northern and Middle districts of Alabama, between the adjournment of Congress on the night of May 30, 1908, and the qualification of Honorable Oscar R. Hundley on June 1, 1908, under his second recess appointment, and that in said interim the Honorable Thomas G. Jones was the sole judge of both the Northern and Middle districts of Alabama, and as such was authorized to hold the court of bankruptcy to make administrative orders to be entered therein anywhere within the bounds of either district. Petitioner avers that courts of bankruptcy do not, under the act of bankruptcy, have any regular terms, and that it is not necessary, in order to give validity to an order made by a judge, that a clerk and marshal be present, or that the same be made in open court, but that the judge may convene the court at any time and anywhere within the territorial bounds of his jurisdiction. Petitioner avers that it has been the unchallenged custom and practice for the judge of the Northern and Middle districts to try and determine any case which could be disposed of without the intervention of a jury, or to make any order irrespective of the fact whether he happened to be in the district in which the litigation arose, provided he was at the time within the bounds of one of the districts. Petitioner avers that this practice has prevailed ever since the creation of the Northern and Middle districts, and that hundreds of thousands of dollars have been involved in cases which have been disposed of under this practice, and that such rule of practice has by long custom and usage become a rule of property.

"(3) Your petitioner further represents and shows unto this honorable court that on, to wit, the 1st day of June, 1908, the said Honorable Thomas G. Jones, being personally present and sitting as the court of bankruptcy of the Northern district of Alabama, at Birmingham, Ala., the court having been formally opened, made and entered an order reaffirming the appointment of your petitioner as a referee in bankruptcy made on the 30th day of May, 1908. The said order above referred to likewise directed the clerk of the District Court for the Northern district of Alabama to refer each odd-numbered case in bankruptcy, filed in the counties in which your petitioner was given jurisdiction, to your petitioner as a referee in bankruptcy. The intent and purpose of said order was to give to your petitioner every other case filed in bankruptcy, the even-numbered cases going to N. L. Steele, who is serving as a referee in bankruptcy in said jurisdiction under an order of appointment made by Honorable Oscar R. Hundley, a District Judge, which order was revoked shortly after the same was made by Honorable Thomas G. Jones, a District Judge, because made without his consent, which order of revocation was afterwards set aside by Honorable Oscar R. Hundley. A copy of the order referring the odd-numbered cases to your petitioner and reaffirming petitioner's appointment is hereto attached, and marked 'Exhibit B,' and prayed to be taken as a part hereof. Petitioner avers that he qualified as a referee in bankruptcy under said appointment by taking the oath of office as required by law, as appears

from Exhibit C, and by filing bond in the sum of $2,000. as provided for in said order, which bond was duly approved by the said Honorable Thomas G. Jones, as District Judge, as appears from Exhibit D.

"(4) Your petitioner further represents and shows unto this honorable court that on, to wit, the 8th day of June, 1908, N. L. Steele, who is the respondent to this petition for review, filed a petition in the District Court of the United States for the Northern district of Alabama, in bankruptcy, alleging, in substance, that he is a referee in bankruptcy in the same jurisdiction covered by your petitioner's apppointment, and that he holds such office under an appointment by Honorable Oscar R. Hundley, United States District Judge, Northern district of Alabama; and that one-half of the cases in bankruptcy filed in said jurisdiction, which otherwise would be referred to him as referee in bankruptcy under a general order of the court, were about to be referred as they were filed to your petitioner by the clerk of the United States District Court, and that such references were to be made to your petitioner under an order of Honorable Thomas G. Jones, 'claiming to be a United States judge in the Northern district of Alabama,' and that the order made by the said Honorable Thomas G. Jones appointing your petitioner a referee in bankruptcy was improvidently made, in that the said Honorable Thomas G. Jones was in the Middle district of Alabama when such order of appointment was made; and that the order reaffirming such appointment and ordering a reference to your petitioner of one-half of the cases to be filed was likewise improvidently made, and that the said Honorable Thomas G. Jones did not have the authority or power to make such order. A certified copy of the petition filed by the said Steele, marked 'Exhibit E,' is attached to this petition for review and prayed to be taken as a part thereof, with leave to refer thereto as often as may be necessary for a proper presentation of said petition for review.

"Your petitioner further shows unto this honorable court that on the said 8th day of June, 1908, being the same day that the petition of the said Steele was filed in the office of the District Court clerk, but before the said petition was ever filed in said clerk's office, the same having been marked 'filed' by Honorable Oscar R. Hundley, Judge, the said Honorable Oscar R. Hundley, claiming to act as the court of bankruptcy for the Northern district of Alabama, on an ex parte hearing, made and entered an order which purports to revoke and annul the appointment of your petitioner as a referee in bankruptcy, and which likewise purports to set aside and hold for naught the order of Judge Thomas G. Jones, sitting as the court of bankruptcy in the same jurisdiction, ordering the reference of the odd-numbered cases filed in bankruptcy to your petitioner as a referee in bankruptcy.

"Your petitioner avers that the said order of Honorable Oscar R. Hundley, Judge, was made and entered before petitioner had any knowledge of the filing of the petition on which the same is based, although petitioner should have been made a party respondent to said petition. Petitioner further avers and shows to this court that he did not know that the petition to remove him from the office which he held had been filed until after final action had been taken by Judge Hundley thereon, and that although your petitioner had a vital interest in said proceeding, which proceeding was commenced by a petition containing statements purporting to be facts and verified by the said Steele, and signed and presented by counsel for said Steele, and although petitioner was in the federal building when action was taken on said petition, he had no knowledge or notice of the same, and was thus deprived of the right to file an answer to said petition by himself or by counsel, or defend the same. Your petitioner hereto attaches a certified copy of said order entered by Judge Hundley, which copy is marked 'Exhibit F,' and is prayed to be taken as a part of this petition for review. Your petitioner likewise attaches a copy of an opinion subsequently rendered by Judge Hundley in support of said order, and prays leave to refer thereto. Petitioner likewise attaches as Exhibit G the oral opinion delivered by Judge Hundley in support of such order, and, as Exhibit H, the written opinion referred to in the oral opinion.

"Your petitioner avers that the order made and entered by Judge Hundley which purports to revoke and annul the appointment of your petitioner as referee in bankruptcy by Judge Jones, and the order which sets aside and holds for naught the order of Judge Jones referring the odd-numbered cases in bank-

ruptcy to your petitioner, were made without the knowledge, consent, or sanction of Judge Jones and against his will.

"Your petitioner avers as matter of law that Judge Hundley violated the law, abused his authority, and exceeded his power in making the order which purports to remove your petitioner from office, and likewise to vacate the order made by Judge Jones referring the odd-numbered cases filed in bankruptcy to your petitioner as referee in bankruptcy, and that such order should not have been made and is illegal without the consent of the other District Judge who gave life to the revoked orders. Your petitioner further avers that when there are two judges of a court, either associate or coördinate, the one cannot, without the sanction or consent of the other, remove an officer of the court who has been appointed by the judge who does not concur in the order of removal. Your petitioner further avers that, under the provisions of the bankruptcy act, the referees whose appointment provided for therein must be appointed by the court of bankruptcy, and that neither the power of appointment nor removal is in the judge, and where more than one judge constitutes the court of bankruptcy, neither alone, against the will of the other, can appoint or remove such referee. Your petitioner further avers that the legal effect of the order of Judge Hundley in revoking without notice the order of Judge Jones was to constitute Judge Hundley an appellate court to which the order of Judge Jones was taken, and deny your petitioner the right to be heard on the appeal or review in such court of appeal.

"Your petitioner avers that a question of great public interest is involved in this petition for review; that the confusion which will naturally follow the revocation by one judge of the orders made by a judge of equal power, authority, and jurisdiction will seriously embarrass the litigants of the district, and will likewise tend to bring the administration of law and justice in the district into confusion, and impair confidence in the legality of the acts of the officers of the bankrupt court; and that, if the practice continues of one judge setting aside the order of the other, the litigants of the district can never determine their rights until both of the District Judges have passed on the question involved and reached the same conclusion. Your petitioner herewith exhibits a correct transcript of the record of all proceedings of said District Court relating to the matter hereinabove set forth, duly certified to by the clerk of said court, and prays that the same be taken and considered by this court in connection with and as a part of this petition as Exhibit 1.

"The premises considered, your petitioner prays that N. L. Steele be made a party respondent to this petition for review, and that he be required by an order of this court either to defend or default the case. Your petitioner further prays that this honorable court assume original jurisdiction of this petition, and that a mandate issue from this court suspending the operation of the order made by the Honorable Oscar R. Hundley, a District Judge of the Northern district of Alabama, annulling the order of Honorable Thomas G. Jones, a United States District Judge for the Northern and Middle districts of Alabama, appointing Alexander C. Birch a referee in bankruptcy at Birmingham, Ala., pending a hearing of this petition for review on the merits of the case. Your petitioner likewise prays that the order of the said Judge Hundley vacating and holding for naught the order of Judge Jones requiring the clerk of the District Court for the Northern district of Alabama to refer the odd-numbered cases in bankruptcy to your petitioner, as referee in the jurisdiction for which petitioner was appointed, he suspended pending the hearing by this honorable court of this petition for review on the merits of the case.

"On a final hearing of this petition for review, your petitioner prays that this honorable court will enter an order revoking and annulling the order made by the Honorable Oscar R. Hundley, a United States District Judge for the Northern district of Alabama, which order revoked and annulled the order of Honorable Thomas G. Jones, a United States District Judge for the Northern and Middle districts of Alabama, appointing your petitioner to the office of referee in bankruptcy. Your petitioner further prays that on a final hearing of this petition in this honorable court that an order be made revoking and annulling the order of the said Judge Hundley which set aside and held for naught the order of Judge Jones requiring the reference of the odd-

numbered cases filed in bankruptcy in the jurisdiction to which petitioner was appointed as a referee in bankruptcy.

"If in any wise the petitioner is mistaken in the relief herein prayed for, petitioner hereby prays for any other, further, general, or different relief as the premises may entitle him to receive, and as in equity and good conscience may seem meet and right unto this honorable court, and as in duty bound petitioner will ever pray, etc.                                    Alex. C. Birch, Petitioner."

Nenian L. Steele appeared and moved that the petition be dismissed for want of jurisdiction in this court. The cause was submitted on both the motion and the merits, and was argued by counsel. The several exhibits referred to in the petition, but not copied in this statement, were submitted to the court as parts of the petition.

For opinions delivered in the court below relating to this case, see In re Steele (D. C.) 156 Fed. 853; In re Steele (D. C.) 161 Fed. 886; Ex parte Steele (D. C.) 162 Fed. 694.

James Weatherly, Jno. P. Tillman, E. H. Cabaniss, and Sydney J. Bowie (Tillman, Grubb, Bradley & Morrow, of counsel), for petitioner.

Samuel D. Weakley, Edmund H. Dryer, A. Leo Oberdorfer, and Sterling A. Wood (J. B. Weakley, of counsel), for respondent.

Before PARDEE and SHELBY, Circuit Judges, and BURNS, District Judge.

SHELBY, Circuit Judge (after stating the facts as above). A great many questions are directly or indirectly raised by the allegations of the petition and the arguments of counsel, oral and written, but they can all, so far as they are material, be disposed of by the decision of three questions: (1) Is the statute making the judge of the Middle district also judge of the Northern district still in force? (2) Does the bankruptcy act of 1898 (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]) require the concurrent action of both the judges to make valid orders appointing and removing referees? And, (3) on the facts stated in the petition, should this court superintend and revise the action of the court of bankruptcy in the appointment and removal of referees?

1. By the act of August 7, 1848, Alabama was divided into three districts, called the Southern, Middle, and Northern districts. Rev. St. § 532 (U. S. Comp. St. 1901, p. 317). The statutes at first allowed the appointment of only "one District Judge, who shall be District Judge for each of the districts included in the state." Id. § 552 (U. S. Comp. St. 1901, p. 447). This condition continued until August 2, 1886, when an act was passed for the appointment of a District Judge for the Southern district, which act provided "that the jurisdiction of the present District Judge for the several districts of Alabama, and his successors, shall hereafter be confined to the Northern and Middle districts of said state." Act Aug. 2, 1886, c. 842, § 2, 24 Stat. 213 (U. S. Comp. St. 1901, p. 449). Prior to the passage of this act, the Alabama District Judge's jurisdiction had extended to all three districts. The effect of this act was only to relieve him, and his successors, of jurisdiction in the Southern district. At the time of the passage of this act providing for the appointment of a judge for

the Southern district, Judge John Bruce was the District Judge for the Alabama districts. He continued to exercise jurisdiction in the Middle and Northern districts till his death, when Hon. Thomas G. Jones was, on December 20, 1901, appointed his successor. For brevity, he will be referred to as the first judge. He was appointed and commissioned judge of the Middle and Northern districts of Alabama, and, by the letter of the statute quoted, had jurisdiction in both districts. On February 25, 1907, an act was passed (Act Feb. 25, 1907, c. 1198, 34 Stat. 931 [U. S. Comp. St. Supp. 1907, p. 187]) providing for the appointment of "a District Judge for the Northern judicial district of Alabama."[1]  On April 10, 1907, Hon. Oscar R. Hundley was appointed District Judge under this act. He will be referred to as the second judge. The act of February 25, 1907, contains no express repeal of the prior act giving the first judge jurisdiction in the Middle and Northern districts. It contains, in fact, no repealing clause of any kind. The question, therefore, is, whether the act last passed repeals the prior act by necessary implication.

It has been often held by the Supreme Court that repeals by implication are not favored, and it is the unquestioned rule that, "if it be possible to reconcile two statutes, one will not be held to repeal the other." The later statute does not repeal the former, "unless the two acts are in irreconcilable conflict, or unless the later statute covers the whole ground occupied by the earlier and is clearly intended as a substitute for it, and the intention of the Legislature to repeal must be clear and manifest." Red Rock v. Henry, 106 U. S. 596, 601, 1 Sup. Ct. 434, 27 L. Ed. 251.

A repeal by necessary implication does not occur when the provisions of both statute can stand together. The first judge, by a plain statute, is given jurisdiction in the Northern district. The later statute authorizes the appointment of a judge for the Northern district. The two statutes may stand together, and are not in irreconcilable conflict, we think, because the first statute causes the first judge to remain the sole judge of the Middle district and to remain a judge of the Northern district, and the second statute makes the second judge a judge of the Northern district. They each have a field of operation, without conflict. The statutes do not become irreconcilable unless we assume what is not true—that there cannot be two judges of one Dis-

[1] An act providing for a United States judge for the Northern judicial district of Alabama.

"Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, that the President of the United States, by and with the advice and consent of the Senate, shall appoint a District Judge for the Northern judicial district of Alabama, who shall possess and exercise all the powers conferred by existing law upon the judges of the District Courts of the United States, and who shall possess the same powers and perform the same duties within the said Northern judicial district of Alabama as are now possessed by and performed by the District Judge of the United States in any judicial districts established by law, and he shall receive the same compensation now or hereafter prescribed by law in respect to other District Judges of the United States: And provided, that after appointment the judge appointed under this act shall reside at Birmingham, in said district.

"Approved, February 25, 1907."

trict Court. When Congress provided for the appointment of a judge of the Southern district, the act provided that the jurisdiction of the judge of the several districts should be confined to the Northern and Middle districts, thereby making it plain that the judge of the Southern district should be the sole judge of that district. But there is nothing of the kind in the act in question. There is no word or phrase that shows an intention to confine the judge of the Middle and Northern districts to the former district. We cannot interpolate such words by construction. If the last act had provided for the appointment of a judge of the Middle and Northern districts, could it be claimed that Congress had deprived the first judge entirely of jurisdiction? Or, if the first judge had been judge only of the Northern district, and the last act had provided for a judge of the Middle and Northern districts, could it be held that there was a repeal by necessary implication? If there was irreconcilable conflict in the one case, there would be in the other.

There are other considerations besides the letter of the act that lead to the same conclusion. No provision is made for cases already submitted to the first judge, as would probably have been done if his authority was to cease. Congress, on April 14, 1906, passed an act requiring terms of the courts to be held at Birmingham, in the Northern district, twice each year, on the first Mondays in March and September, and "that said courts shall remain in open session for the transaction of business at least six months in each calendar year." Act April 14, 1906, c. 1625, 34 Stat. 114 (U. S. Comp. St. Supp. 1907, p. 105). There are three other places where courts are required to be held twice a year in the Northern district. It will probably be difficult for the second judge to hold all these terms unaided by the first judge. This act requiring six months' open session, and specially providing for the assignment of other judges, shows that Congress was informed as to the fact that additional judicial force was needed in the Northern district. Under the circumstances, it is quite probable that it was its intention, in providing a judge for the Northern district, not to dispense with the services of the first judge, whose entire time would probably not be required by the work in the Middle district.

The fact that the exercise of authority by each of the two judges, as shown by the record, may have caused a condition unusual and one likely to be detrimental to the public interest, cannot influence our decision or extend the authority of this court. Nor does the condition indicate that Congress would not have intended to confer jurisdiction on two District Judges in one district. We know that it is usual in the federal judicial system to have in a district several judges of concurrent authority in the several Circuit Courts, and that one of them has the power and authority to vacate the orders of another, but such authority causes no embarrassing conflict, and is usually exercised in the public interest and under settled rules controlled by law and judicial courtesy. Ide v. Crosby (C. C.) 104 Fed. 582, and cases there cited.

Our attention is called to the course of legislation in providing for the appointment of judges, and it is argued that the failure of Con-

gress to use the words, "an additional judge," shows the intention that the second judge should be the only judge of the Northern district. Several of such statutes are cited, and the following is quoted as a sample of such legislation:

"Be it enacted, etc., that there shall be in the district of Minnesota an additional District Judge, who shall be appointed by the President, by and with the advice and consent of the Senate, and shall possess the same qualifications and have the same power and jurisdiction now prescribed by law in respect to the present District Judge therein." Act Feb. 4, 1903, c. 402, 32 Stat. 795 (U. S. Comp. St. 1907, p. 183).

It is apparent that the statutes referred to were not intended to meet a case like the one provided for by the act in question here. The judge to be appointed under the act here in question was to be a judge of a named district only, when the existing judge in that district was judge also of another district. That fact may account for the phraseology of the bill, and show why the form of the acts referred to could not be well followed. To provide that a second judge was to "possess the same qualifications and have the same power and jurisdiction now prescribed by law in respect to the present District Judge therein" might be construed to extend the jurisdiction of the second judge to both the districts in which the first judge had jurisdiction. Instead, therefore, of referring to the jurisdiction of the first judge as the measure of the authority of the second judge, there is a general reference to the powers of District Judges in their districts. We cannot assent to the view that the peculiar language of the bill was used with the studied purpose of excluding the first judge from the Northern district when that could have been otherwise accomplished with more brevity and clearness. The formula of the act of August 2, 1886, could have been used, confining the first judge and his successors to the Middle district, or, the second judge could have been named as the sole judge of the Northern district. It is true, on the other hand, that the use of the words, "an additional judge," would have made the meaning plainer. But we must remember that the burden of showing the repeal is on the respondent. There was existing a statute giving the first judge jurisdiction in the Northern district, and words of exclusion are required to effect the repeal or withdrawal of that jurisdiction. As no such words are used, and as there is no irreconcilable conflict, there can be no repeal unless the later statute covers the whole ground occupied by the earlier statute and is clearly intended as a substitute for it. As was said in New London N. R. R. Co. v. B. & A. R. R. Co., 102 Mass. 386, "a later statute, containing provisions, though merely affirmative in form, plainly repugnant to those of a former statute, repeals it as absolutely as by a negative clause." If it were the law that there could be but one District Judge of a judicial district, it might be successfully contended that the lawful appointment of a second judge excluded the first judge. In that case, only one judge being possible, two statutes, each providing for one judge, would be in conflict, and the last statute would repeal the first. It would cover the whole ground, for only one judge could stand on it. But when it is conceded that a second judge may be, and frequently is, provided for, it follows that the statute merely providing for the appointment of

the second judge is not necessarily a substitute for the statute which provided for the appointment of the first. As there may lawfully be two judges, it takes something more than a provision for the appointment of the second to displace the first.

Applying the rule announced in Red Rock v. Henry, supra, we hold that the later act does not repeal the former.

2. It is contended by the learned counsel for the petitioner that it requires the "concurrent action of both judges to exercise the administrative power of appointment of a referee to hold office for a stated period"; and that the same concurrent action of the two judges is required to effect the removal of a referee. The solution of the question raised by this contention depends on the construction and meaning of the bankruptcy act of 1898. The relevant language of the statute is:

"Courts of bankruptcy shall * * * appoint referees, each for a term of two years, and may, in their discretion, remove them because their services are not needed or for other cause." Bankruptcy Act (Act July 1, 1898, c. 541, § 34a, 30 Stat. 555 [U. S. Comp. St. 1901, p. 3435]).

Courts of bankruptcy include the District Courts of the United States. Id. § 1, subd. 8. The Constitution confers the power on Congress to vest in the courts the authority to appoint referees. Const. art. 2, § 2; article 1, § 8. It must be kept in mind that Congress has not attempted to confer the power to appoint referees on the judge or judges, but it is conferred on the courts of bankruptcy. If the statute conferred the power of appointment on the two judges, a different question would be presented. A United States District Court, which is, under the act, a court of bankruptcy, is a court held by one judge. There may be by statute, or by assignment of a Circuit Judge, two District Judges with authority to hold the District Court at the same time and in different places in the district designated by law, but at each place where the court is held it is a court held by one judge. No provision is made for two District Judges to sit together and hold the District Court. This is conceded to be true, and is not questioned when the court sits in the discharge of its ordinary judicial duties as a District Court or as a court of bankruptcy. We find no word in the statute indicating a different plan of court organization or mode of procedure when the court of bankruptcy sits to appoint or remove a referee. A District Court or a court of bankruptcy may be held for all purposes by one lawful and authorized judge. Where a court is composed of a number of judges, and the power of appointment of an officer is conferred on such court, the appointment may be made by the court when held by the number of judges required by law to hold the court. Warner v. People, 2 Denio (N. Y.) 272, 43 Am. Dec. 740. When the power of appointment or removal of an officer is conferred on a court which may be held by one judge, the power may be exercised by the court so held, although there may be another judge who is also authorized to hold the same court. This follows, we think, from the fact that the power is conferred on the court, and not on the judge or judges. When a lawful District Court convenes or sits, it can proceed to make the appointment or the removal of a referee just as it proceeds to make other orders.

We have carefully examined the several cases cited on this point by the learned counsel for the petitioner, and we do not deem them controlling. Where authority is conferred by statute on a board of magistrates by a vote of each magistrate to elect a treasurer (Smyth v. Darley, 2 H. L. Cas. 789), or on two overseers of the poor to exercise jointly a designated power (Downing v. Rugar, 21 Wend. [N. Y.] 178, 34 Am. Dec. 223), or on judges, or a majority of them, to fix, at a meeting of the judges, special terms of court (Merchant v. North et al., 10 Ohio St. 262), and in similar cases, a different rule from the one we have announced would obtain. The statute in each case must control. Those cases have no application to the case at bar, for, in them, authority conferred on certain individuals or officers collectively is considered. Here, the power and authority in question is conferred on the court, and the requirement of the statute is met when the court exercises the authority.

3. The authority to superintend and revise in matters of law proceedings of the court of bankruptcy is conferred on this court by section 24b of the bankruptcy act. The material order sought to be revised in this proceeding is an order removing the petitioner from the office of referee. We have already quoted the statute which authorizes the court of bankruptcy to appoint and remove referees. By the express terms of the act, the bankruptcy courts "may, in their discretion, remove them because their services are not needed or for other cause." If the position of the petitioner could be sustained, that the order removing him could not be legally made without the concurrent action of both the judges, a case might be presented authorizing the interference of this court. But we have held that position not well taken, and that a valid order of appointment or removal of a referee may be made by the court of bankruptcy held by one judge. Our conclusion on that question is fatal to the petitioner's right to relief. The right and power to remove is in the court of bankruptcy, to be exercised at its discretion. We find neither in the statute nor in the adjudged cases any authority conferred on this court to control the court of bankruptcy, on the facts alleged in the petition, in the exercise of its discretion in making the order of removal.

Congress, exercising an authority conferred by the Constitution, has vested the power to appoint referees exclusively in the courts of bankruptcy, and, when appointed, the referee holds the office at the discretion of the court that appointed him. It follows, we think, that this court can have no control over the appointment or removal, nor can it make inquiry into the grounds of removal. As was said by the Supreme Court in a case involving a similar question:

"If the judge is chargeable with any abuse of his power, this is not the tribunal to which he is amenable; and as we have no right to judge upon this matter, or power to afford redress, if any is required, we abstain from expressing any opinion upon that part of the case." In re Hennen, 13 Pet. 230, 260, 10 L. Ed. 138.

The petition to superintend and revise is disallowed and dismissed.