John J. **GIBBONS**, Appellant and
Defendant,

v.

**UNITED STATES DISTRICT COURT
FOR the DISTRICT OF NEVADA,**
Appellee.

No. 23902.

United States Court of Appeals
Ninth Circuit.

Sept. 9, 1969.

Certiorari Denied Jan. 19, 1970.

See 90 S.Ct. 683.

his client's case. We say that that section gives no vested right to a litigant, but is a court administrative section for complete removal from office of a referee by a court.

Failure to confine himself to 11 U.S.C. § 67(b) may have led counsel into error.

Also, once in trouble, counsel has chosen to represent himself, always a dangerous thing for a lawyer.

John J. Gibbons in pro. per.

Robert S. Linnell (argued), U. S. Atty., Julien G. Sourwine, Asst. U. S. Atty., Reno, Nev., for appellee.

Before CHAMBERS and KOELSCH, Circuit Judges, and KILKENNY, District Judge.

PER CURIAM:

Lawyer Gibbons has been assessed a five hundred dollar fine for contempt of court. The alleged contempt was in a supporting memorandum on an issue on review in the District Court in which Gibbons sought to disqualify one of the Nevada referees in bankruptcy who was handling a Nevada bankruptcy matter. Indirectly, the attack succeeded because the referee asked the district judge to be relieved of the whole bankruptcy case. This was done.

■ We hold that there was a direct contempt and that the district judge had a right to dispose of the issue within the limits of what was done.

All we really see in the case is that counsel lost his temper and then was too stubborn to express his regrets, which co-counsel did. The latter was left untouched by the court. We do not find any moral turpitude.

■ Gibbons made the mistake of seizing upon 11 U.S.C. § 62(b) as grounds for removal of the referee for