LAY, Circuit Judge.
 

 This matter comes before us on petitioner, Gordon Thompson’s motion for a stay of the district court’s order of September 27, 1979 effecting his removal as the bankruptcy judge of the District of North Dakota. Thompson was removed under 11 U.S.C. § 62(b), by order of the two active district judges of North Dakota.
 
 [1]
 
 At the time of
 
 *798
 
 his removal hearing held September 26, 1979, Thompson had been hospitalized for 21 days. The district court made the following observation:
 

 Judge Thompson’s physician was called to testify and informed the court that Judge Thompson had been hospitalized by reason of a medical problem that had disabled him to the extent that he could not participate in any proceedings in this court and further could not form judgments, make decisions, or administer the bankruptcy court and could not, in the physician’s opinion, be able to do so for an indefinite time into the future.
 

 Before the hearing Thompson was directed that he “could elect to be heard in person, by counsel, or could respond to the charges in writing.” Counsel made a special appearance at the hearing and objected to the hearing because Judge Thompson was not personally present, due to his medical incapacity and therefore was allegedly not given “a meaningful opportunity to be heard” on the charges. The court overruled this request and proceeded to make a detailed review of the charges and then ordered his removal effective September 28, 1979. On September 28, 1979, the district judges appointed a new bankruptcy judge. The petitioner has now effected an appeal as to his removal and seeks a stay from this court pending his appeal.
 
 [2]
 

 Rather than reviewing the motion under appropriate standards governing stays pending appeal, this court decrees that under Title 28 U.S.C. § 2106, giving this court the general supervisory authority affecting orders of the district court it is just under the circumstances that Thompson be granted a stay pending the appeal. In doing so, we order the appeal expedited and direct the parties to file simultaneous briefs with the Clerk of this Court not to exceed 30 pages, and each to be filed within 25 days. This panel shall retain jurisdiction and unless otherwise deemed necessary shall consider the merits of the appeal on the briefs and record without further oral argument. In granting the stay we observe that assuming petitioner’s removal may warrant a new hearing with petitioner present,
 
 [3]
 
 the new Bankruptcy Act allows the district judges to retain the right of removal under 11 U.S.C. § 62(b) during the transition period from the effective date of the new Act until April 1, 1984.
 
 [4]
 

 
 *799
 
 The motion for stay is granted until further order of the court.
 

 [1]
 

 . 11 U.S.C. § 62(b) reads:
 

 (b) Removal of a referee during the term for which he is appointed shall be only for incompetency, misconduct, or neglect of duty:
 
 Provided, however,
 
 That, in the case of a part-time referee, an additional cause for removal shall be that his services are not needed. Any cause for removal in respect of
 
 *798
 
 any referee coming to the knowledge of the Director shall be reported by him to the judge or judges of the judicial district or districts in which such referee serves, and a copy of such report shall at the same time be transmitted to the council and to the referee. Such judge or judges may, upon receipt of such report, or upon their own motion, remove the referee for any one or more of the above mentioned causes; where there is more than one judge, such removal shall be by a concurrence of a majority of the judges, and where there is no such concurrence, then by the council. Before any order of removal shall be entered, except in the case of a part-time referee where the cause for removal is that his services are not needed, a full specification of the charges shall be furnished to the referee, and he shall be accorded by the removing judge or judges an opportunity to be heard, on the charges.
 

 [2]
 

 . The district court had originally denied the request for a stay.
 

 [3]
 

 . Thompson’s physician now indicates in a letter to this court that Thompson is able to be present at a hearing and assist his counsel.
 

 [4]
 

 .Under the new act “upon the expiration of his appointed term” during the transitional period, a bankruptcy judge’s term shall be extended to April 1, 1984 (when the President’s power to appoint new bankruptcy judges under Section 152 becomes effective) unless the chief judge of the circuit and a merit committee convened prior to expiration of a new judge’s term finds the judge unqualified. The legislative history S.R. No. 95-989, p. 166, 1978 U.S.Code Cong. & Admin.News, pp. 5787, 5952, provides that: “Merit screening is not required on the part of a bankruptcy judge serving the balance of his regular term for which he was appointed prior to the enactment of this act.”
 

 However the legislative history states that removal for misconduct for a judge whose term has not expired is still governed by Section 34(b) of the old Act during the transition period. H.R.Rep. No. 95-595 p. 460, 1978 U.S. Code, Cong. & Admin.News p. 6415.
 

 Once removal takes place during the transitional period Section 404(c) and (d) of the new Act provides that the power of appointment of a new bankruptcy judge is to be retained by the district court subject however to the approval of a merit screening committee who must also find the individual to be qualified.