MURPHY, District Judge.
Appellant Gordon Thompson takes this appeal from an order of the district court[1] removing him from his position as bankruptcy judge. He asks this court to use its supervisory powers over district court orders [2] to set aside the order of removal and to direct that he be paid certain salaries and benefits. We affirm the order of the district court.
I
The matter first came before this court upon appellant’s application for a stay of an order, dated September 27, 1979, removing him, as of September 28, 1979, from his position as bankruptcy judge on the grounds of misconduct and neglect of duty. That order was preceded by an investigation of his administration of the bankruptcy court ordered by the district court after it received information pertaining to appellant from a grand jury. The district court removed all bankruptcy files from appellant’s control on March 23, 1979, pending the results of the investigation. Following submission of the investigation report, re *521 moval proceedings were instituted, specifications were filed, and a hearing was scheduled which was twice continued on appellant’s motion. Upon appellant’s failure to appear at the rescheduled hearing, allegedly for medical reasons, the district court reviewed the record and entered the order of removal. Exercising our general authority over district court orders, this court then granted a stay of the removal order pending appeal or “until further order of the court.” In the Matter of the Investigation of the Administration of the Bankruptcy Court, 607 F.2d 797, 799 (8th Cir. 1979).
On appeal of the September 27 order, we directed that appellant be given a hearing on the charges against him, with the opportunity to supplement the record and to call witnesses. Following the hearings and preparation of supplemental findings of fact, the district judges were to “take whatever action they deem[ed] appropriate on the record.” In the Matter of the Investigation of the Administration of the Bankruptcy Court, 610 F.2d 547, 548 (8th Cir. 1979).
The hearing commenced on January 14, 1980, before Magistrate J. Earl Cudd, sitting by designation. At the conclusion of his direct testimony, appellant orally tendered his resignation, and, upon Magistrate Cudd’s request, later submitted it in writing. The district court construed the resignation as an abandonment of his resistance to the September 27 order of removal and reinstated that order.
Appellant presents two issues on appeal. The first is whether the district court’s reinstatement of the September 27 order represents an abuse of discretion because it circumvented this court’s stay of that order. The second is whether appellant is entitled to salary and benefits for the period between September 28, 1979, the effective date of the September 27 removal order, and his resignation on January 16, 1980.[3]
n
We can find no basis to overturn the reinstatement of the September 27 order of removal. Title 11, U.S.C. § 62(b) empowers the district court to remove bankruptcy judges for “incompetence, misconduct, or neglect of duty.” Exercise of this power is left to the district court’s discretion. Birch v. Steele, 165 F. 577, 587 (5th Cir. 1908); cf. Gibbons v. United States District Court for the District of Nevada, 416 F.2d 14, 15 (9th Cir. 1970) (provision allowing district court to remove bankruptcy judge is a “court administrative section”).
Appellant’s contention that the district court abused that discretion by attempting to circumvent this court’s stay of the removal order pending appeal is not borne out by the record. On appeal we indicated that after appellant was given a hearing and supplemental findings of fact were made, the district court was to take whatever action it found to be appropriate. The district court’s actions complied with this mandate. Appellant was afforded an opportunity to supplement the record and to present witnesses and, in fact, did so. The proceedings were terminated by his voluntary resignation. Because of the resignation, the hearing was never completed,[4] and there was no need for the district court to prepare supplemental findings of fact.
Appellant was given the hearing required by this court, whereupon, based on the record before it, the district court found it appropriate to reinstate its previous order exercising its discretionary power to remove appellant from his position. There was no abuse of discretion.
Ill
Appellant’s claim to salary and benefits for the period between September 28, *522 1979, and his resignation on January 16, 1980, is without merit. Appellant did not perform any functions of the office of bankruptcy judge during that period and, in fact, performed work elsewhere.[5] Although this court afforded appellant the right to be heard in the matter of his removal, neither our order staying his removal pending appeal, nor our decision remanding the matter for hearing, provided or implied that he was entitled to salary or benefits for that period.
The order of the district court is affirmed.

. The Honorable PAUL BENSON, Chief Judge, and the Honorable BRUCE M. VAN SICKLE, united States District Judges for the District of North Dakota.

. 28 U.S.C. § 2106.

. Appellant received salary and benefits for the period between the time he was relieved of his duties as bankruptcy judge on March 23, 1979, and the effective date of his removal on September 28, 1979.

. Appellant testified at the hearing before the magistrate that he worked for 10-12 hours a day, seven days a week (at oral argument it was stated that this work was examining abstracts). This workload is inconsistent with his contention that he is entitled to compensation as bankruptcy judge, particularly in view of the prohibitions of Canon 5 of the Code of Judicial Conduct.

. Because his resignation came at the end of his direct testimony, appellant was never subject to cross examination, nor did the United States Attorney have an opportunity to present evidence.