HEANEY, Circuit Judge,
with whom ROSS, STEPHENSON and HENLEY, Circuit Judges, join.
Appellant Gordon Thompson appeals from an order of the district court[1] removing him from his position as bankruptcy judge. He asks this Court to use its supervisory powers over district court orders [2] to set aside the order of removal and to direct that he be paid certain salaries and benefits.
I.
The matter came before this Court upon the appellant’s application for a stay of a September 27, 1979, order which removed him from his position as bankruptcy judge on the grounds of misconduct and neglect of duty. That order was preceded by an investigation of his administration of the bankruptcy court ordered by the district court after it received information pertaining to the appellant from a grand jury. The district court removed all bankruptcy files from the appellant’s control on March 23, 1979, pending the results of the investigation. Following submission of the investigation report, removal proceedings were instituted, specifications were filed, and a hearing was scheduled which was twice continued on the appellant’s motion. Upon the appellant’s failure to appear at the rescheduled hearing, allegedly for medical reasons, the district court reviewed the record and entered the order of removal. Exercising our general authority over district court orders, this Court then granted a stay of the removal order pending appeal or “until further order of the court.” In re Investigation of the Administration of the Bankruptcy Court, 607 F.2d 797, 799 (8th Cir. 1979).
On appeal of the September 27 order, we directed that the appellant be given a hearing on the charges against him, with the opportunity to supplement the record and to call witnesses. Following the hearings *229 and preparation of supplemental findings of fact, the district judges were to “take whatever action they deem[ed] appropriate on the record.” In re Investigation of the Administration of the Bankruptcy Court, 610 F.2d 547, 548 (8th Cir. 1979).
A hearing commenced on January 14, 1980, before Magistrate J. Earl Cudd, sitting by designation. At the hearing, the appellant testified at length, detailing his response to the charges against him. At the conclusion of his testimony, the following exchange between the appellant, his attorney (Mr. Bye), and the government’s attorney (Mr. Hermann), occurred:
[MR. THOMPSON:] I am announcing my resignation effective this date. * * *
******
MR. BYE: Thank you, Judge Thompson.
I think, Judge Cudd, in view of the position taken by Judge Thompson and that he’s tendering his resignation as Bankruptcy Judge effective today, I would think this hearing would now come to a close.
******
MR. HERMANN: We would concur in that observation.
The magistrate then adjourned the hearing.
Upon Magistrate Cudd’s request, the appellant later submitted his resignation in writing. The district court construed the resignation as an abandonment of the appellant’s resistance to the September 27 order of removal and reinstated that order.
The appellant presents two issues on appeal: (1) whether this Court’s stay of the September 27 removal order barred the district court from reinstating that order, and (2) whether the appellant is entitled to salary and benefits for the period between September 28, 1979, the effective date of the September 27 removal order, and his resignation on January 16, 1980.[3]
In our view, we need not decide either of these two issues on their merits. When he resigned, the appellant made no admission of misconduct nor did he suggest that he was abandoning his resistance to the September 27 removal order. Counsel for the government, acting on behalf of the district court, accepted this resignation without reservation and agreed that the hearing should be closed. As a result, the charges against the appellant remained unresolved.
At the same time, we are satisfied that the appellant’s back pay claim must be dismissed. The appellant’s resignation was unconditional; he in no way reserved a right to receive pay for the time between September 28, 1979, and January 16, 1980. He admittedly performed no duties as a bankruptcy judge during that period, and we are unwilling to infer that the parties intended or understood that the appellant’s unqualified resignation would preserve a claim for back pay. Accordingly, we hold that any rights the appellant may have had were waived.
Because the effective date of the appellant’s resignation, as submitted and accepted, was the date it was tendered, and because the appellant waived his back pay claim for the period immediately preceding that date, we remand to the district court with directions to modify its judgment to simply provide that the appellant’s resignation was effective as of January 16, 1980.
The parties will bear their own costs in this appeal.

. The Honorable Paul Benson, Chief Judge, and the Honorable Bruce M. Van Sickle, United States District Judge, for the District of North Dakota.

. 28 U.S.C. § 2106.

. The appellant received salary and benefits for the period between the time he was relieved of his duties as bankruptcy judge on March 23, 1979, and the effective date of his removal on September 28, 1979.