In the Matter of the Application for the Probate of the Last Will and Testament of KATE L. LAUDY, Deceased.

THE PETER COOPER UNION et al., Legatees, Appellants; KATE P. U. ELLIOTT, Contestant, Respondent.

1. WILL — PROOF OF SIGNING. A will should not be refused probate because the attesting witnesses did not look closely to see the testatrix's signature acknowledged by her, where it was visible and they heard her acknowledgment, and her declaration that the instrument was her last will, and there is no claim of fraud.

2. APPEAL — CONCLUSIVENESS OF DECISION IN SUBSEQUENT PROCEEDINGS. A decision on appeal that upon the evidence before the surrogate a question of fact was presented as to the execution of a will, is a decision of a question of law and is conclusive between the parties, when the question arises upon substantially the same evidence in subsequent proceedings in the case.

*Matter of Laudy*, 31 App. Div. 630, reversed.

(Argued December 8, 1899; decided January 9, 1900.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered June 22, 1898, affirming an order and judgment of the Supreme

Court and a decree of the surrogate of the county of New York, and dismissing an appeal from an order made at Special Term.

The nature of the proceeding and the facts, so far as material, are stated in the opinion.

*P. H. Vernon, Henry B. Closson* and *John E. Parsons* for appellants. The exhibition of a will and the testator's signature attached thereto, and his declaration to the witnesses that it is his last will and testament, and his request to the witnesses to attest the same, are a sufficient acknowledgment of his signature. (*Matter of Phillips*, 98 N. Y. 267.) It is not necessary for a testator to call the attention of the witnesses to his signature, but it is sufficient if the signature is at the end of the instrument and visible to the witnesses. (*Baskin* v. *Baskin*, 36 N. Y. 416; *Matter of Higgins*, 94 N. Y. 554; *Matter of Hunt*, 110 N. Y. 278; *Matter of Laudy*, 148 N. Y. 403.) It is not necessary for the witnesses to notice the testator's signature, but it is enough if they have the opportunity of seeing it. (*Matter of Look*, 26 N. Y. S. R. 745; 125 N. Y. 762; *Matter of Blake* v. *Blake*, L. R. [7 P. D.] 102.) The valid execution of the will does not depend upon the correctness of vision or on the degree of attention of the witness any more than upon the retentiveness of his memory. (*Matter of Look*, 26 N. Y. S. R. 745.) The fact of the due execution of a will does not rest upon the testimony of the subscribing witnesses alone. It has the support of the presence of the attestation clause. (*Matter of Cottrell*, 95 N. Y. 329; *Matter of Carey*, 24 App. Div. 531.)

*Jordan J. Rollins* and *Philip A. Rollins* for respondent. The Statute of Wills requires that Mrs. Laudy's signature should have been so far visible to each of the subscribing witnesses that they could see it and recognize it as her signature. (*Matter of Whitney*, 153 N. Y. 264; *Matter of O' Neil*, 91 N. Y. 520; *Matter of Mackay*, 110 N. Y. 611; *Willis* v. *Mott*, 36 N. Y. 486; *Matter of Bernsee*, 141 N. Y. 389;

*Lewis* v. *Lewis*, 11 N. Y. 220; *Matter of Abercrombie*, 24 App. Div. 408; *Mitchell* v. *Mitchell*, 16 Hun, 99; *Matter of De Haas*, 9 App. Div. 561; *Matter of Simmons*, 9 N. Y. Supp. 353.) The trial justice committed no error in directing a verdict that the decedent had not acknowledged her signature to each of the attesting witnesses unless there was evidence that ought reasonably to have satisfied the jury that the decedent had complied with the Statute of Wills. (*Linkhauf* v. *Lombard*, 137 N. Y. 417; *Hemmens* v. *Nelson*, 138 N. Y. 517; *Dwight* v. *G. L. Ins. Co.*, 103 N. Y. 341; *Bulger* v. *Rosa*, 119 N. Y. 450; *Hall* v. *Stevens*, 116 N. Y. 201; *Wells* v. *W. D. M. Assn.*, 120 N. Y. 630.)

VANN, J. This case has a long and varied history. It had its origin in a proceeding before the surrogate of the county of New York to admit to probate an instrument purporting to be the last will and testament of Kate L. Laudy, deceased. The effort to prove the will was resisted, and resulted in a decree that said instrument was not attested and executed in the manner prescribed by law. Upon appeal to the General Term this decree was reversed and the Surrogate's Court was directed to admit the will to probate. (*In re Laudy*, 78 Hun, 479.) An appeal was taken from the judgment of the General Term to this court, where the judgment was affirmed on the opinion below (147 N. Y. 699); but subsequently a motion for a reargument was granted (147 N. Y. 721); and the judgment of the General Term was, after the second argument, so modified as to strike out the clause directing the surrogate to admit the will to probate and to insert in the place thereof the following: " That a trial by jury be had * * * of the question as to whether the subscription of the instrument in question was made by the testatrix in the presence of each of the attesting witnesses, or whether she acknowledged such subscription to have been so made to each of the attesting witnesses, and as so modified the judgment" was affirmed. (148 N. Y. 403.) The question of fact was then tried before a jury, who found that the alleged testatrix acknowledged the subscription of

the instrument propounded as her last will and testament to have been made by her to each of the attesting witnesses. From an order denying a motion to set aside this verdict an appeal was taken to the Appellate Division, which reversed said order and awarded a new trial. (14 App. Div. 160.) The second trial before a jury resulted in the same verdict as the first, but upon motion the trial court set it aside and directed that a new trial be had. Upon the third trial the jury was not permitted to pass upon the question, for the trial judge directed them to find that Mrs. Laudy neither signed the instrument in the presence of the attesting witnesses nor acknowledged the subscription to have been made by her to each of them. From an order denying the motion to set aside this verdict and for a new trial; from an order subsequently entered at Special Term directing the entry of a judgment in the Supreme Court upon the verdict and instructing the Surrogate's Court to refuse probate to said instrument; from the judgment entered in the Supreme Court accordingly, and from the decree of the surrogate refusing probate, an appeal was taken to the Appellate Division with this result: The appeal from the order of the Special Term directing the entry of judgment in the Supreme Court upon the verdict was dismissed, but the order denying the motion for a new trial, the judgment of the Special Term and the decree of the surrogate were affirmed. Thereupon certain charitable institutions, named as legatees in the purported will, appealed to this court.

Upon examining the record formerly before us and comparing it with the record now before us, it appears that the evidence, while varying somewhat, is substantially the same. In both records there is evidence tending to show that Mrs. Laudy, the alleged testatrix, signed the will immediately beneath the usual attestation clause, which we have held to be a sufficient subscription. (*Younger* v. *Duffie*, 94 N. Y. 535.) Subsequently she presented it, thus signed, to the attesting witnesses, Dr. Porter and Mrs. Edwards, at the same time, and requested them to sign it as witnesses, raising her hand

and stating that it was her last will and testament. The paper was so folded that the signature of Mrs. Laudy was not plainly visible, but still, as the jury could have found, it was there and could have been seen.    Dr. Porter testified that there was a signature or writing just above where he signed, and that Mrs. Laudy requested him to sign after her signature.    Mrs. Edwards, who had been visiting the contestant for two weeks immediately preceding the trial, testified that she was not aware that she saw the signature of Mrs. Laudy, but that she signed her name under that of Dr. Porter.    Both witnesses identified their own signatures and remembered writing them on the occasion when Mrs. Laudy declared, with some solemnity, that the paper was her last will and testament.    Mrs. Edwards was in a position to see and hear all that Dr. Porter saw and heard, and the jury could have found that both saw the signature of Mrs. Laudy.

While the witnesses neither read nor heard read the attestation clause, and did not see Mrs. Laudy sign the instrument, still she had in fact signed it before she declared it to be her last will and testament, and requested them to sign as witnesses.    If the will had been executed before experienced persons, familiar with the requirements of the statute, they doubtless would have been more careful to observe what Mrs. Laudy acknowledged as her signature, but all wills cannot be executed before witnesses of this character.    Some must of necessity be executed in remote places, before such persons as are at hand, who are not only ignorant of the statute, but are ignorant generally and are careless observers, with poor memories.    In a case where there is no claim of fraud, if the signature is there and is visible, and the witnesses hear the acknowledgment thereof and the declaration that the instrument is the last will and testament of the person so acknowledging, but they do not look closely to see the signature thus acknowledged, although it is before their eyes, the will should not be refused probate because those persons are ignorant, careless or indifferent, for the testator would have done his part and the statute would have been substantially complied

55

with.    An inflexible rule that the witnesses must remember that they not only saw, but recognized and identified, the signature of the testator at the time of acknowledgment, would sometimes defeat the object of the statute and lead to injustice.

When this case was here before, upon substantially the same evidence, we said : " The testimony of Dr. Porter tends to show that the signature of the testatrix was upon the instrument at the time that it was presented to him for his signature, and that she then stated that she had signed it. But the testimony of Mrs. Edwards is, in substance, to the effect that at the time the paper was presented to her for her signature, it was so folded that she saw only the signature of Dr. Porter, and speaking with reference to the conversation between the testatrix and the doctor, she recalls no expression on the part of Mrs. Laudy in which she stated that she had signed the instrument.    A question of fact is thus presented as to whether she did or did not see the signature and as to whether the testatrix declared it to be hers.    This question to some extent involves the credibility of Mrs. Edwards and the doctor's testimony, as well as the inference to be drawn from the circumstances surrounding the execution of the instrument."

The judgment then pronounced by us was that there was a question of fact as to the execution of the instrument as a will, and that it should be sent to a jury for determination. Whether, upon the evidence before the surrogate, a question of fact was presented, was a question of law, which was directly considered and decided on the former appeal.    The same question of law now arises upon substantially the same evidence and our former decision still stands.    When the court has jurisdiction of the cause and of the parties, its judgment is conclusive between the parties and their privies, not only in all other actions, but also in all other proceedings in the same action.    (*Roberts* v. *Cooper*, 61 U. S. 467–481 ; Wells Res Adjudicata, 370 ; Ram on Legal Judgments, 292 ; Herman on Estoppel, 274.)    The principle established in all jurisdictions is that so long as the facts remain the same, the

rule of law once held by the court of last resort remains the rule throughout the subsequent history of the cause, in all its stages, except under extraordinary circumstances, which do not exist in this case. (2 Van Fleet's Former Adjudication, 1302, and cases cited.) Where the law of a case was determined after full argument and consideration, by the Second Division of this court, and upon a second appeal substantially the same facts appeared, we refused to consider the questions of law and held the parties concluded by the former decision. (*Cluff* v. *Day,* 141 N. Y. 580.) That there is a question of fact in this case is *res adjudicata.* The rule of *res adjudicata* controls the parties while that of *stare decisis* guides the courts.

The question whether Mrs. Laudy acknowledged her subscription of the instrument in question to have been made to each of the attesting witnesses should have been submitted to the jury for determination.

The order appealed from should, therefore, be reversed and a new trial ordered, and, under the circumstances, with the costs of the last trial, the last appeal to the Appellate Division and of this appeal, payable absolutely by the contestant to the appellants.

All concur (Gray, J., in result), except Bartlett, J., not sitting. Haight, J., dissents as to directions regarding costs.

Order reversed, etc.