## In re NUSSBAUM'S ESTATE.

(Surrogates' Court, New York County. November 12, 1913.)

1. WILLS (§ 118*)—SIGNATURE OF TESTATOR—"ACKNOWLEDGMENT."

Though testator does not sign the will before an attesting witness, if it is produced by testator with his signature visible thereon, with a request to witness it, his then acknowledgment to the witness that the instrument is his will is an "acknowledgment" of his signature.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 302–304; Dec. Dig. § 118.*

For other definitions, see Words and Phrases, vol. 1, pp. 107–110; vol. 8, p. 7562.]

2. WILLS (§ 302*)—PROBATE—PROOF OF TESTATOR'S SIGNATURE.

Evidence by an attesting witness that his best recollection is that two signatures were on the will when he signed it was sufficient to show that he saw testator's signature thereon when he attested it.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 575, 581, 700–710; Dec. Dig. § 302.*]

In the matter of the estate of Bernhardt Nussbaum. Decree of probate.

Abraham Cohen, of New York City, for proponent.
Milton Hart, of New York City, for contestant.

FOWLER, S. In this case, as in Matter of Will of Alida Roe, 143 N. Y. Supp. 999, testator's publication and request to his attesting wit-

nesses to act was not in the simultaneous presence of both of them, but on separate occasions to each of them. It was therefore essential for proponent to establish in this proceeding that all the statutory requirements were followed by testator in respect of each of the two attesting witnesses. The execution of the paper propounded was, doubtless, very careless and lacking in technical precision. The testimony of one of the witnesses, Mr. J. De Baum, however, sufficiently establishes testator's subscription, publication, and the request to Mr. De Baum to attest the paper propounded. If similar testimony had been given by the second attesting witness, there would be no doubt on the evidence.

[1] The question is as to the legal effect of the evidence given in by the second attesting witness, who attested the instrument on an occasion separate from the attestation of Mr. De Baum, and after the will had been subscribed by testator and subsigned by the first attesting witness. The second attesting witness did not know the other attesting witness. He states that testator presented the paper writing proceeded on, and said to witnss, "Sign it; one name is on it, and that is my testament." Witness could not exactly remember whether he saw testator's name on the paper when he signed it, but he believes there were then two names there. This I think is sufficient in this case. Where a will is not signed by testator before an attesting witness, but it is produced by testator with testator's signature visible thereon, and testator then acknowledges to the witness that the instrument is testator's will, a distinct acknowledgment of the testator's signature is necessarily involved in the testator's acknowledgment of the will and the request to witness same. Baskin v. Baskin, 36 N. Y. 416, 417; Matter of Hunt, 110 N. Y. 278, 282, 18 N. E. 106; Matter of Laudy, 161 N. Y. 429, 433, 55 N. E. 914.

[2] The best recollection of the second attesting witness is that two signatures were on the will when he signed. This is enough in this cause to establish that he saw testator's signature. A witness can only testify to his best recollection. If the second attesting witness in this matter had possessed no recollection, the will might have failed. But this is another point, and not now here.

The decree will be for probate.