OF

## THE STATE OF NEW JERSEY.

## 1925.

EDWIN ROBERT WALKER, ORDINARY.

EDMUND B. LEAMING, VIVIAN M. LEWIS, JOHN H. BACKES,
JOHN GRIFFIN, JOHN E. FOSTER, MALCOLM G. BU-
CHANAN, JAMES F. FIELDER, ALONZO CHURCH,
ROBERT H. INGERSOLL, JOHN BENTLEY
AND MAJA LEON BERRY, VICE-
ORDINARIES.

In the matter of appeal from the decree of the orphans court
for the county of Camden, admitting to probate a certain
paper-writing as the last will and testament of CHARLES
SUTTERLIN, SR., deceased.

[Submitted March 30th, 1925.   Determined April 16th, 1925.]

1. No court has power to declare that any one of the statutory
requirements for the execution of a will can be dispensed with.

2. A testator signed his will in the presence of one witness, who at
testator's request signed the attestation clause; some five or ten
minutes later the other witness came in the same room, and in the

307

presence of the witness who had already signed was told by the testator that the paper he had was his will, and that he desired him to witness .it; after reading the will the witness signed the attestation clause in the presence of the other witness and the testator. This was an acknowledgment of the signature by testator in the presence of two witnesses, and a compliance with the statute concerning the execution of wills.

On appeal from the Camden county orphans court.

*Mr. Joseph H. Carr,* for the appellant.

*Mr. Grover C. Richman,* for the respondent.

LEAMING, VICE-ORDINARY.

The provisions' of our statute touching the execution of a will (*4 Comp. Stat. p. 5867 § 24*) are explicit and clear, and can be read in but one way. The will must be in writing. It must be signed by testator. The signature must be made by testator in the presence of two witnesses present at the same time, or, in lieu thereof, testator may acknowledge that he made the signature; but such acknowledgment by testator must be in the presence of two witnesses present at the same time; the writing must be declared by testator to be his last will; that declaration must be in the presence of two witnesses present at the same time; these witnesses must subscribe their names as witnesses to the will in the presence of testator. No court has power to declare that any one of these statutory requirements can be dispensed with.

. The signature to the will here in question was made by testator, but it was not made by him in the presence of both of the subscribing witnesses. The inquiry thus arises in this appeal whether, in the presence of the two subscribing witnesses present at the same time, testator acknowledged that he made the signature.

The only testimony that has been introduced touching what occurred at the execution of this will is that of the two subscribing witnesses, and their testimony in no way is in conflict.

*98 N. J. Eq.* In re Sutterlin.

The facts disclosed by their testimony are that the will was signed by testator at the end of its testamentary provisions in the presence of Robert G. Voigt, one of the subscribing witnesses, and at testator's request, then was signed by Voigt as a witness below the attestation clause and in the presence of testator, testator at the time declaring to Voigt that it was his will. No one then was present except Voigt and testator. Five or ten minutes after testator and Voigt had signed, Oscar S. Hartman entered the same room. Hartman's testimony is that when he entered the room testator and Voigt were sitting at the dining-room table with the will lying on the table, and testator then handed it to him, Hartman, saying, "This is my will and I would like you to witness it;" that he, Hartman, then read the will and signed it as a witness and handed it back to testator. Testator, Hartman and Voigt were all present during the period last referred to.

From the testimony of these witnesses it is clear that the will was signed by testator, but was signed by him in the presence of only one of the subscribing witnesses; that it was declared by testator to be his last will in the presence of the two subscribing witnesses present at the same time; that each of these two witnesses subscribed, as such, in the presence of testator. But there is no testimony that testator further said to Hartman, in specific words, "I made that signature which you see appended to my will."

This raises the question whether, in the circumstances already stated, the statement by testator in the presence of the two witnesses present at the same time, "this is my will," accompanied by a request of testator that it be witnessed (testator theretofore having, in fact, signed the writing in the presence of one of them, and the other witness having read the will and necessarily having seen testator's signature), satisfies the alternative requirement of our statute that the making of testator's signature must be acknowledged by testator in the presence of two subscribing witnesses present at the same time.

It seems clear that, standing alone, the mere declaration of a testator to the persons who are to witness his will that "this is my will," appropriately relates to and may be intended and understood to relate only to the specific requirement of our statute commonly referred to as the publication of the will. But, also, it seems clear that such a declaration and an accompanying request of testator that the will be witnessed may be surrounded by circumstances and conduct of the testator and the witnesses which will clearly impress upon the transaction not only a declaration by testator that the writing which already has been signed by him in his will, but also an acknowledgment that he made the signature which at the time appears and is seen by the witnesses at the end of the typewritten document. Since our statute prescribes no specific form of words or manner in which the requisite acknowledgment must be made, it reasonably cannot be said that the statutory requirement is more than a requirement that the words and conduct of testator shall be such as will clearly amount to an acknowledgment by him to the witnesses that the signature which is disclosed to them is his.

In England and in many of our states there exists, either by express statutory provisions or by construction, a similar alternative requirement that a testator must either sign in the presence of the subscribing witnesses or acknowledge to them that the signature is his. The prevailing and almost uniform view appears to be that the validity of the acknowledgment of testator's signature will depend upon the conduct of testator rather than his specific language, and that anything which clearly amounts, in common understanding and reasonable construction, to an acknowledgment that the signature is his is sufficient; that when a testator produces his will for attestation with his name, in fact, already signed to it, and the witnesses see the signature, and testator declares to the witnesses that it is his will, and requests the witnesses to sign as witnesses, he acknowledges the signature to be his. And in some cases it is held that it is not essential

in such circumtances that the witnesses actually see the signature, if, in fact, the will theretofore has been signed by testator. The maxim of *Co. Litt. 36a,* "not what is said, but what is done, is regarded," is thus applied to the execution of wills as well as of deeds. In *Gaze* v. *Gaze, 3 Curt. Ecc. 451,* it is characterized as "hypercritical" to say that when a paper intended by testator as a will is, in fact, signed by him, and he asks a person to witness the will, that he does not "acknowledge" the making of the signature. The English statute of wills (*1 Vict. ch. 26* § 9) requires that the signature of testator shall be "made or acknowledged by the testator in the presence of two or more witnesses present at the same time." The following English cases under that statute disclose the general views above stated: *Gwillim* v. *Gwillim, 3 Sw. & Tr. 200; In the goods of Huckvale, L. R., 1 Pro. & Div. 375; Inglesant* v. *Inglesant, L. R., 3 Pro. & Div. 172, 176; In the goods of Ann Ashmore, 3 Curt. Ecc. 756; Gaze* v. *Gaze, 3 Curt. Ecc. 451; Keigwin* v. *Keigwin, 3 Curt. Ecc. 607; Danetree* v. *Fasulo, L. R. 13 Pro. Div. 102;* see, also, *1 Wms. Ex.* *75.* The authorities in our several states are collected in *30 Am. & Eng. Encycl. L. (2d ed.) 588, 591,* and in *40 Cyc. 1121, 1122.*

This general view appears to have been entertained by Chancellor McGill, sitting as ordinary, in *Stewart* v. *Stewart, 56 N. J. Eq. 761.* In that case testator said to each of the witnesses: "This is my will. Do you recognize the signature as mine?" Upon receiving an affirmative reply testator asked them to sign as witnesses. This was held to be a sufficient acknowledgment. At *p. 764* of the reported case the learned chancellor says: "It was not necessary that the acknowledgment should be in words. It was sufficient if accompanied by unequivocal conduct upon his [testator's] part." Citing *Ludlow* v. *Ludlow, 9 Stew. Eq. 597, 601.* In *Ludlow* v. *Ludlow,* at the page cited, Mr. Justice Scudder, speaking for our court of errors and appeals, says: "But he [testator] must, by some word or sign, clearly indicate his recognition of the testamentary act in which he is engaged, and of the

genuineness of the signature and will which are presented to the witnesses for their attestation. The words used in the statute, 'acknowledgment' and 'declared,' demand an open expression either in words or unmistakable acts, and we have no right to change their obvious meaning, or substitute conjecture for positive proof of conformity to their requirements."

A similar view appears to have been entertained by Chancellor Runyon, sitting as ordinary, in *Ludlow* v. *Ludlow,* reported in *35 N. J. Eq. 480.* At *p. 489* he states as follows: "Reference was made on the hearing to the construction put upon a statute like ours by the courts of New York, who hold that where a testator produces a paper to which he has personally affixed his signature, requests the witnesses to witness it, and declares it to be his last will and testament, that is all that the law requires, and is a substantial acknowledgment of his signature. *Baskin* v. *Baskin, 36 N. Y. 416; Gilbert* v. *Knox, 52 N. Y. 125.* It is enough to say at this time, in that connection, that while I heartily approve of the principle which underlies and produced that construction— the principle of recognizing a substantial compliance with the statute as sufficient—there is no proof here of any acknowledgment whatever, either by word or in fact. The testator did not make the request."

The facts in the case of *Baskin* v. *Baskin,* thus approved by Chancellor Runyon, are strikingly similar to the facts in the present case. The statute of New York is as follows: "Every last will and testament of real or personal property, or both, shall be executed and attested in the following manner: [1] It shall be subscribed by the testator at the end of the will; [2] such subscription shall be made by the testator in the presence of each of the attesting witnesses, or shall be acknowledged by him to have been so made to each of the attesting witnesses." *2 Rev. St. § 40. Gilbert* v. *Knox, 52 N. Y. 125* (at *p. 129*), specifically approves *Baskin* v. *Baskin.* Late cases in New York following the rule defined in *Baskin* v. *Baskin* (and citing other similar decisions of the New

York court of appeals) are *In re Bassett's Will,* *146 N. Y. Supp. 842; In re Nussbaum's Estate, 144 N. Y. Supp. 443.*

In the present case it seems impossible to escape the conclusion that testator fully met the requirements of our statute. When a person signs a will with a purpose to give it effect as his will, and thereafter hands it, so signed, to a friend and declares it to be his will, and asks the friend to witness it to the end that it may become effective as a will, and the witness then reads the will and necessarily sees the signature of testator at the end of the will which he is asked to witness, and in the presence of the testator signs it as a subscribing witness to give effect to it as a will and then returns it, so signed, to testator, the transaction is clearly intended by testator as an acknowledgment that the signature shortly theretofore made by him was his, and cannot reasonably be understood by the then subscribing witness, or by the other subscribing witness then present, who had actually seen testator sign his name to the will, as other than an acknowledgment by testator that the signature was his. The specific words "that is my signature" are wanting, but those words are as inherent in the transaction as though the specific words were spoken. The plain and only possible import of the words used by testator in the circumstances in which they were used was, "that is my signature, please witness it." In any transaction other than the execution of a will it would be unhesitatingly said that the making of the signature was acknowledged in the presence of the two witnesses, present at the same time; our statute requires no more so far as an acknowledgment of the making of the signature to a will is concerned.

The conclusion here reached renders it unnecessary to consider how far, in the circumstances of this case, the *prima facie* proofs of regularity arising from the words of the attestation clause of this will may be effective to sustain the decree of probate entered in the orphans court.

The decree of the orphans court will be affirmed.