Louis L. Friedman, J.
There are two motions before the court, one by the petitioner for an order under article 78 of the Civil Practice Act, directing the respondent, as Commissioner of the Department of Housing and Buildings of the City of New York, and the Borough Superintendent of said department, to remove certain violations of record from their said records with respect to premises No. 136 North Eighth Street, Brooklyn, New York. The second motion is by the respondent for an order dismissing the proceeding on the ground that petitioner has not exhausted the administrative remedies as provided for by sections 666 and 668 of the New York City Charter and section 1285 of the Civil Practice Act. The motions will be dealt with separately.
The record before the court indicates that petitioner is the owner of the subject premises and acquired said real property in the year 1948. Following a title search by one of the recognized title companies in this city, the title insurance policy issued by said company indicated that there were no violations on file against the said premises in the Department of Housing and Buildings. Said premises, according to the survey which has been submitted as part of the papers herein, consists of part of a plot of land, the entire original parcel having frontage on both North Eighth Street and Berry Street in the borough of Brooklyn, and dimensions of 75 feet on Berry Street and 100 feet on North Eighth Street. The survey shows that there are six buildings on the said plot, five of which are multiple dwellings and the sixth one a one-story frame house with a private garage. Three of the multiple dwellings front on Berry Street while the one-story building and one multiple dwelling have their frontage on North Eighth Street. It is the multiple dwelling which fronts on North Eighth Street, which is owned by the petitioner, which is the property involved in the present application. Located to the rear of two of the multiple dwellings fronting on Berry Street is a yard area and other vacant land approximately 52 feet by 24 feet in dimension (more or less). This yard area is also directly adjacent to the property owned by petitioner. The court has before it a survey of the entire original plot, petitioner’s property being designated by a red X mark.
*108 Originally the entire parcel of real property shown in the survey was designated on the tax map of the Borough of Brooklyn as lot No. 7, block 2319. When petitioner purchased the subject premises in 1948, she wrote to the Tax Department for a reapportionment of the said lot No. 7, so that the building purchased by petitioner might be separately and properly assessed and taxed. The information was acted upon by the said Tax Department and petitioner’s premises afore described were then given the new number of tax lot No. 108 in said block 2319. Matters thus stood until June of 1953, when the proceedings herein complained of were commenced by the respondent.
There appears to be no dispute in this case that up to the time when petitioner wrote to the Tax Department for a technical reapportionment of the tax lot, the premises on tax lot No. 7, did not violate any rule or regulation of respondent’s department. However, respondent now contends and has heretofore contended in various court proceedings, that by the very act of reapportionment by the Tax Department, and for no other reason, the premises thereupon became subject to the violation which is the subject matter of this proceeding. That violation, in substance is that the newly created tax lot violated the area rule which does not permit the improved portion of a multiple dwelling to exceed more than a certain percentage of the entire lot.
In June, 1953, petitioner received a Magistrates’ Courts’ summons, returnable in Municipal Term, charging her with such violation. Thereafter, when it appeared to petitioner that the matter could be disposed of by the payment of a small fine, and assuming that such disposition would finally end the question involved, petitioner appeared in the Municipal Term, pleaded guilty and was fined the sum of $10, which was paid. Several months later, to wit, in December of 1953, petitioner was again served with a Magistrates’ Courts’ summons, again returnable in Municipal Term, based upon the allegation that the violations previously referred to had not yet been disposed of, and were continuing. Petitioner pleaded “Not Guilty,” insisted upon trial in the Court of Special Sessions, since the charge was one of a misdemeanor, and thereafter appeared in the Court of Special Sessions for trial. The trial was held before three justices of that court, at which time all of the facts aforementioned were brought to the attention of the court, whereupon it was stipulated that the building under discussion was constructed prior to the year 1929. After both sides had rested, that court then dismissed the charges against petitioner, *109 acquitted petitioner as a defendant in that court, in effect stating that there was no violation of law.
Despite this judgment of acquittal, and disregarding the fact that such adjudication had already been had upon the charges made against this petitioner, the respondent again in January of 1955, caused petitioner to be served with a Magistrates’ Courts’ summons returnable in Municipal Term, borough of Brooklyn, alleging the same violations of law to which reference has already been made. Petitioner again appeared in the Municipal Term Court and the facts were pointed out to the then presiding Magistrate and Miss Florence Reilly, assistant corporation counsel, who there represented the building department. It may be said to the credit of Miss Reilly that after reading the transcript of the case as it was disposed of in the Court of Special Sessions, she promptly appeared before the presiding Magistrate and asked permission to withdraw the case against this petitioner. That motion was granted and the charges against petitioner were so marked. Again disregarding all of the proceedings which had previously taken place, respondent, June 20,1957, again caused petitioner to be served with a Magistrates’ Courts’ summons for the same violations of the Multiple Dwelling Law as had previously been set forth. Again an appearance had to be and was made in the Municipal Term Court, again counsel was engaged to defend this petitioner and again Miss Reilly, the assistant corporation counsel, apparently recognizing the injustice of the proceedings to which petitioner was being subjected, suggested an adjournment of the matter so that respondents might be consulted as to their reasons for proceeding in this prosecution on a charge which had already been ruled as being without foundation. Upon the adjourned date she again agreed to withdraw the summons and suggested that direct action be taken to clear the violations from the records of respondent’s department, or the inspectors would otherwise continue to serve summonses on petitioner. Having requested respondent to remove the violations and respondent having refused to do so, petitioner has now applied to this court for such relief.
In opposition, respondents appeared in this court and now contend that petitioner’s sole remedy is to apply to the Board of Standards and Appeals for a variance so that the subject premises will not be affected by the area rule. This, petitioner contends, she need not do, particularly because the premises were constructed prior to 1929, and any nonconformity use which was in existence prior to that time may continue without the *110 necessity of a variance, and by reason of the further fact that the maintenance of these premises is not in violation of any law. Petitioner asserts that it should not be relegated to the discretionary relief which the Board of Standards and Appeals may or may not grant to her, because the denial of such relief, if it were so denied, would leave petitioner with no remedy other than to tear down all or a substantial part of the building involved. Petitioner contends that she has a clear legal right to maintain these premises in the condition in which they now are, and that no variance is necessary, particularly since a court of competent jurisdiction before whom this exact question came has already so adjudicated.
• Petitioner’s position is well taken. The judgment of acquittal in the Court of Special Sessions is res judicata as to the questions involved in any subsequent prosecution instituted against petitioner for the violations specified in the papers before the court. In addition, this court is bound, under the principle of stare decisis, to respect the judgment of acquittal. While such judgment in and of itself would not bind this court in its determination on the present application, the court is bound under the principle of stare decisis which guides the courts (Matter of Laudy, 161 N. Y. 429, 435), to recognize the doctrine which has already been enunciated by the Court of Special Sessions and to give effect to the intent and meaning of the adjudication of that court. It has already been here pointed out that under the principle of res judicata which controls the parties (Matter of Laudy, supra), no other prosecution may be instituted against this petitioner by reason of these very same violations. To permit the violations to remain of record, and thus subject the petitioner to such prosecution, even though the result thereof is predetermined, would be contrary to the spirit and the letter of the law.
It is conceded in this proceeding as it was in the Court of Special Sessions, that the premises in question were constructed prior to 1929. Accordingly, the violations of record in the building department, which have already been determined not to be violations of law, should be stricken from the records; and there being no defense to the present proceeding, the petition of the petitioner must be granted so that petitioner will no longer be subjected to the whim and caprice of the deputy commissioner, not named in this proceeding, upon whose instructions, as the court was informed upon the argument of the motion, the violations of record in the building department must continue -to plague this petitioner. The persistence of this deputy commissioner, the building department and its inspectors in *111 subjecting petitioner to the institution of criminal prosecutions, despite the previous adjudication, is a violation of petitioner’s rights and the Supreme Court has the power to enjoin such disregard of a citizen’s rights and to give prompt relief. No agency of government may disregard the rights of its citizens, particularly in the face of an adverse court ruling, and petitioner need not be relegated to an application to the Board of Standards and Appeals to right the wrongs which have already taken place. All that petitioner affirmatively did was to notify the Tax Department that she was the owner of a part of the theretofore existing tax lot, and as was her right, that she should be taxed only on the property owned by her. This notification on her part did not create a violation of law with respect to the property, where none had theretofore existed. So the Court of Special Sessions has already ruled (see minutes attached to moving papers) and so this court rules. The violations should be forthwith stricken from the records of the respondent, and it is so ordered. The petition is granted as prayed for, and the cross motion to dismiss is denied.
Settle order on notice.