Fbahk J. Pino, J.
Petitioner moves for an order (1) enjoining the respondents from proceeding against him on the criminal charges now pending in the Criminal Court of the City of New York, County of Kings, and (2) permanently enjoining respondents from instituting further criminal prosecutions for violations of the Multiple Dwelling Law and the Administrative Code of the City of New York.
In September, 1953, petitioner, at a tax auction sale, purchased a three-story multiple dwelling built in 1929 for the accommodation of five families and a store. Only two of the apartments have been occupied since 1956. At the time of the purchase, there were two violations filed against the building, and subsequent thereto, three additional violations were filed, the last being on December 29, 1964.
In October, 1959 and in November, 1962, petitioner appeared in person in Criminal Court and pleaded guilty to continued violations of the Multiple Dwelling Law and the New York City Administrative Code. Thereafter, petitioner was again charged with violations of law and appeared in court with an attorney. In this instance, petitioner was acquitted and his prior convictions on pleas of guilty were vacated.
On October 20, 1964, petitioner was once again charged with identical and other violations of law, subsequently stood trial, and was acquitted on December 9, 1964. On April 28, 1965, the Department of Buildings issued another order based upon the *1034 same and other purported violations of the Multiple Dwelling Law. In December, 1965, prosecution was commenced thereunder, and petitioner applied, on December 30, 1965, for the relief now sought. Through various adjournments, the matter is now before this court for determination.
Petitioner contends that he has been repeatedly placed in double jeopardy in violation of his constitutional guarantees and, further, that the judgments of acquittal in the prior proceedings are res judicata of the question involved.
Respondents’ answer, insofar as relevant to the pertinent claims of the petitioner, is limited merely to a denial of information sufficient to form a belief as to the truth thereof. Respondents did not submit any affidavit in opposition to petitioner’s application, nor have they in any other way controverted the facts alleged therein. In view of respondents’ failure to submit any papers in opposition to petitioner’s application, the truth of the facts alleged in said application must be assumed (Hofstra Coll. v. Board of Trustees, 145 N. Y. S. 2d 323, affd. 3 A D 2d 712). Respondents, in a memorandum submitted on their behalf, admit that the petitioner has on at least three previous occasions been tried and acquitted for the continued violation of the Multiple Dwelling Law and that similar charges are presently pending before the Criminal Court of this county. Respondents, in this memorandum, also concede that this is a successive prosecution against the petitioner with respect to the same violations but, relying on an observation made by the court in the case of Matter of Abramowitz v. Byrne (185 Misc. 346), argue that a landlord violating section 304 of the Multiple Dwelling Law (“Penalties for violations”) is liable to successive prosecutions for the same offense for each day that the violations continue. The facts in the cited case, however, are entirely inapposite to those here presented and said case cannot in any way be considered controlling of the instant situation.
It seems evident from all of the foregoing that the prior judgments of acquittal in the Criminal Court are res judicata as to the questions involved in the pending proceeding. This court is bound, under the principle of stare decisis which guides the courts (Matter of Laudy, 161 N. Y. 429), to respect the judgment of acquittal and to give effect to the intent and meaning of the adjudication of the Criminal Court. Under the principle of res judicata, no other prosecution may be instituted against this petitioner by reason of those very same violations.
The persistence of the respondents in subjecting the petitioner to the institution of criminal prosecutions despite the previous adjudications is a violation of petitioner’s rights and this court *1035 has the power to enjoin such disregard of a citizen’s rights and to give prompt relief (Matter of Wilk v. Gillroy, 11 Misc 2d 106). It is also apparent from a reading of this case and other authorities (People v. Page, 36 Misc 2d 840; Namro Holding Corp. v. City of New York, 17 A D 2d 431; Sikora Realty Corp. v. Gillroy, 37 Misc 2d 285; Lesron Jr. v. Feinberg, 13 A D 2d 90) that there is, on the facts here disclosed, no merit to the claims of respondents as set forth in their memorandum that the petitioner has not established a clear legal right to the relief sought or that, before resorting to this court for mandatory relief, he must first exhaust the remedies provided for within the framework of the administrative authorities, such as an appeal to the Board of Standards and Appeals. “No agency of government may disregard the rights of its citizens, particularly in the face of an adverse court ruling, and petitioner need not be relegated to an application to the Board of Standards and Appeals to right the wrongs which have already taken place ” (Matter of Wilk v. Gillroy, supra, p. 111). The fact that other relief may exist does not bar a defendant in a criminal proceeding from setting up a defense that the acts complained of were not violative of any existing law (People v. Page, supra), and this action for an injunction is not barred (Lesron Jr. v. Feinberg, supra). The decisions cited by respondents as authorities for a holding to the contrary are clearly distinguishable and inapposite.
Accordingly, petitioner’s application is granted to the extent of permanently enjoining the respondents from further proceeding against the petitioner on the charges, affidavits and informations presently pending before Part 6B of the Criminal Court of the City of New York, County of Kings, except as to violation item No. 22 as set forth in the pending charges which, as reference thereto indicates, was not filed until December 29, 1964, approximately three weeks after the last trial on December 9, 1964. This latter violation, by reason thereof, could not have been considered or passed upon in any prior proceedings and the res judicata principle is not applicable thereto. Application is in all other respects denied.