Per Curiam.

Our opinion in Rankin v. Shanker (23 N Y 2d 111; see, also, Shanker v. Rankin, 393 U. S. 930 [denying application for stay]), when these same parties were before us in October of 1968, discussed and passed upon the precise question now urged by the appellants. It is wisely established, as we had occasion to say some 70 years ago (Matter of Laudy, 161 N. Y. 429, 434-435), “ [w]hen the court has jurisdiction of the cause and of the parties, its judgment is conclusive between the parties and their privies, not only in all other actions, but also in all other proceedings in the same action. (Roberts v. Cooper, 61 U. S. 467-481; Wells, Res Adjudicata, *782 370; Ram oil Legal Judgments, 292; Herman on Estoppel, 274.) The principle established in all jurisdictions is that so long as the facts remain the same, the rule of law once held by the court of last resort remains the rule throughout the subsequent history of the cause, in all its stages, except under extraordinary circumstances, which do not exist in this case.” In any event, though, even if we were to disregard that salutary principle and give consideration to the additional material which the appellants presented on this appeal, as well as those which they say were overlooked when the case was previously here, we would adhere to the decision then made.
The order should be affirmed, without costs.
Chief Judge Fuld and Judges Scileppi, Breitel and Jasen concur, Judges Burke and Bergan solely on constraint of Rankin v. Shanker (23 N Y 2d 111).
Upon the appeal by defendants Shanker and United Federation of Teachers, Local 2: Order affirmed, without costs.
Upon the direct appeal by defendants Degnan and Council of Supervisory Associations: Appeal dismissed upon the ground that the appeal involves questions other than the constitutionality of a statute (CPLR 5601, subd. [b], par. 2).